NEW-YORK,
May, 1833.

Bates
v.
Conkling.

### BATES and others *vs.* CONKLING.

Where A. bought the boards to be made out of a certain quantity of logs in the possession of B., to be paid for at a stipulated price per 100 feet when the boards should be sawed, and the boards were sawed, piled, and notice given to the purchaser, *it was held*, considering the nature of the article sold, that the *delivery* was sufficient to render the sale valid, and to transfer the title to the purchaser.

In an action of *trover*, it is not necessary to shew a *demand and refusal*, except where the defendant came into possession of the property lawfully.

One of several defendants, in whose favor a verdict is found in a justice's court, is not competent to testify as a witness for the other defendants, on an appeal by them to the common pleas.

In an action of *tort* against several, if when the plaintiff has closed his proofs there is *no evidence* against one of the defendants, he may be discharged by a verdict in his favor, and sworn as a witness for his co-defendants, but this cannot be done where he has united with the others in a plea of *justification*, or where there is *some evidence* against him.

*It seems*, that to justify an acquittal of one defendant for the purpose of making him a witness, the want of evidence must be so glaring and obvious as to afford strong grounds of belief that he was arbitrarily made a defendant to prevent his testimony.

Where a justice's return on appeal states that *four* persons were impleaded as defendants and joined issue in the cause, evidence on the trial in the C. P. is inadmissible to shew that only *two* of the defendants were arrested and brought into court.

ERROR from the Otsego common pleas. Conkling sued Bates and three others in a justice's court, and declared in *trover* for a quantity of cherry boards and scantling; the defendants pleaded the general issue, and *justified* under a judgment and execution against one *Henry Randall*. Before the justice, a verdict was rendered against Bates and two other defendants, and the fourth defendant (one *Windsor*) was acquitted. The defendants appealed to the Otsego C. P., in which court the plaintiff proved that in July, 1829, he bought of 'Henry Randall *all the stuff* which should be made out of a quantity of *cherry logs*, then lying at the mill of Randall, at a stipulated price per 100 feet; that the logs were sawed and boards stuck up at the mill on the 20th October, 1829, making 2400 feet in the whole; and that after the boards were

thus sawed, notice was given to the plaintiff by Randall, who directed him to pay for the same in furniture to a son-in-law of Randall, and a payment in furniture was proved to have been accordingly made. The plaintiff also proved that in January or February, 1830, the boards in question were sold by *Windsor*, one of the defendants, as a deputy sheriff, by virtue of an execution; that they were bought by *Bowen*, one other of the defendants, and carried away by him and the two other defendants in the cause. The plaintiff having rested, the defendants moved for a nonsuit for the want of proof of a *demand* before suit brought, which the court ruled to be unnecessary. The defendants proved a judgment against *Henry Randall*, the delivery of an execution, and a levy by virtue thereof on the property in question, on the 2d December, 1829, by *Windsor*, one of the defendants, as a deputy sheriff, and offered to call *Windsor* as a witness, insisting, as he had been acquitted on the trial before the justice and had not united with the other defendants in the appeal to the C. P., that he was a competent witness; but the court would not permit him to be sworn. The defendants then asked that he be forthwith *acquitted by the court* and examined as a witness; the court refused to acquit him; the defendants next asked that they should be permitted to submit to the *jury* the question whether *Windsor* was or was not guilty of the premises alleged in the declaration, so that if acquitted, the other defendants might have the benefit of his testimony; which application was also denied by the court. The defendants then, after giving some testimony relative to the value of the property, offered to prove that the suit before the justice, brought into this court by appeal, was commenced by *warrant* against S. Bates, G. Bowen, C. M. Jackson and A. Windsor, and that only the *two first named* defendants were arrested on the warrant and brought before the justice; which testimony was rejected by the court. The jury, under the charge of the court, found a verdict for the plaintiff, on which judgment was entered. The defendants having excepted to the decisions of the court, sued out a writ of error.

*By the Court,* SAVAGE, Ch. J.   The plaintiffs in error seek to reverse the judgment of the court of common pleas on several grounds.   They allege no property was shewn in the plaintiff below; that there was no delivery by Randall to him. It is a sufficient answer to this point, that no such objection was raised in the court below, where, if raised, it might possibly have been obviated by testimony.   But I apprehend the evidence was sufficient; there was all the delivery necessary in the case of cumbersome articles; there was an agreement to sell; when the logs should be sawed, the stuff was to be paid for by the foot; after they were sawed, the boards were put up for the plaintiff, and he was informed of it.

NEW-YORK, May, 1833.

Bates
v.
Conkling.

It was objected on the trial, that a demand and refusal should have been proved.   Demand is not necessary, except when the defendant is in possession lawfully.   In this case the possession was tortious.   If the property was the plaintiff's, the sheriff had no right to levy on it, and a sale by him without authority conferred no right on the purchaser.   All who intermeddled with the property were tort feasors.   There was an actual conversion.   No demand was necessary.

It is insisted that Windsor should have been sworn as a witness, he having been acquitted on the trial before the justice.   This involves an inquiry into the effects of the appeal. By the revised statutes, 2 *R. S.* 262, § 214, the issue joined before the justice, and no other, shall be tried in the common pleas, upon the same pleadings put in before the justice.   The issues before the justice were, first, the general issue; and second, a *justification;* and as appears by the return, between the plaintiff and *all* the four defendants.   The appeal gives to the parties the benefit of a new trial; a new trial must be had between all the parties, unless the defendants have separated in such manner as to entitle them to a separate trial; and a separate trial has been actually had.   A question somewhat analogous arose in *The People* v. *Onondaga Com. Pleas,* 7 *Cowen,* 492, 3.   Three defendants were sued before a justice in trespass; two of them severally pleaded to issue, the other did not plead at all; judgment was rendered against them jointly; they appealed, and on motion to quash the appeal because issue was not joined by all the defendants, the mo-

tion was denied by the common pleas because there was an issue as to two, and that drew after it the whole cause as to all the defendants; in which decision this court concurred. So here, I apprehend, the appeal brings up the whole matter for review; there was but one cause before the justice, and there could be but one record, had a record been applicable. If I am correct in this, then Windsor was a party to the record, and could not be a witness.

It is said the court erred in refusing to have Windsor acquitted, as there was no evidence against him. It is in general true, in actions of *tort*, that when the plaintiff has closed his case, if no evidence has been produced against any particular defendant, he may be discharged by a verdict in his favor, and then he may be a witness for his co-defendants. *Phil. Ev.* 61. 14 *Johns. R.* 122. 15 *id.* 223. 16 *id.* 217. It was said, however, by Ch. J. Gibbs, 1 *Holt*, 275, that this is not a matter of right which a party can claim, but that it is discretionary with the judge. This court thought otherwise in *Van Duzen* v. *Van Slyck*, 15 *Johns. R.* 223, and they reversed the judgment below, for an error on that point. In that case, the court below had refused to have one defendant acquitted, against whom there was no evidence, because both defendants had joined in one plea, which was the general issue; and this court say that although they join in the plea of *not guilty*, one may be found guilty and the other not, although an opinion to the contrary had been expressed in *Schermerhorn* v. *Tripp*, 2 *Caines*, 108. If, however, several defendants join in a *justification* of a trespass, the court cannot sever the justification and say that one is guilty and the other not, when they all put themselves on the same terms. *Higby* v. *Williams*, 16 *Johns. R.* 217. The rule, Ch. J. Spencer says, is very artificial and ought not to be extended to the general issue pleaded jointly. There were two reasons, therefore, why the court below should not direct a verdict in favor of Windsor: one, that he had jointly with the other defendants pleaded a justification; the other, that there was not only some, but strong evidence against him. In *Brown* v. *Howard*, 14 *Johns. R.* 122, Ch. J. Thompson says, the want of evidence against a party to entitle him to be a witness should

be so glaring and obvious, as to afford strong grounds of belief that he was arbitrarily made a defendant to prevent his testimony. In this case, Windsor made a levy upon the property in dispute, which was claiming dominion over it—exercising a control—affirming a right to dispose of it. I have endeavored to shew in *Wheeler* v. *McFarland*, decided this term, *ante*, 318, that the levy is sufficient to constitute the officer a trespasser.

The court below correctly refused evidence to contradict the justice's return. If it did not state the facts correctly, an amended return should have been called for ; but it ought not to be contradicted on the trial.

Whether the sale from Randall to the plaintiff was fraudulent, or whether Randall was effectually impeached, were questions for the jury, and with which we have no concern on a bill of exceptions.

Judgment affirmed, with single costs.