By the Court, Bronson, J.
In actions for torts, when the trial is by jury, if the plaintiff gives no evidence against one of several defendants, the judge or justice should advise the jury to find a verdict for the defendant who has not been im-^ plicated by the evidence, to the end that he may be sworn asi *106 a "witness for the other defendants, (a) Where, as in this instance, the trial is without a jury, the justice may, when the plaintiff closes his proofs, discharge a defendant against whom no evi *107 dence has been given. But he'should not at that stage of the trial render a judgment for costs against the plaintiff; because it may then happen, as it has in this case, that there will be *108 two judgments for costs against the plaintiff in one action. The justice should have done no more in the first instance than to discharge the defendant Moon, and if at the close of the trial he thought the action was not maintained against Brock, the other defendant, he should then have rendered one judgment for costs in favor of both defendants. They did not acquire a right to two bills of costs, because one of them was acquitted *109 sooner than the other. If the plaintiff had succeeded against Brock, the justice might then have rendered a separate judgment in favor of Moon for his costs.
If the justice had at the last rendered a judgment for the plaintiff against Brock, then, although the judgment in favor of Moon was rendered at a tim'e when he was not regularly entitled to it, yet as it was such a judgment as he was entitled to have in the final result, it might be supported. The plaintiff would have had no substantial ground for complaint. But as the judgment for Moon was rendered in too early a stage of the trial, and as in the end there were two judgments against the plaintiff, I think both judgments have been properly reversed.
Judgment affirmed.

 The law is well settled, that one of several defendants jointly sued for a tort, may be acquitted, end sworn for his co-defendants. (See Schermerhorn v. Schermerhorn, 1 Wend, 119, 123 ; Brown v. Howard. 14 Johns. Rep. 119, 122 ; Dougherty v. Dorsey, 4 Bibb. 207 ; Barney v. Moultrop, 1 Root’s Rep. 489 ; Higdon’s heirs v. Higdon’s devisees, 6 J. J. Marsh. 53, 4 ; Ballard v. Noaks, 2 Arkan. Rep. 45 ; 1 Phil, Am. on Ev. 59 ; Greenl. Ev. 403 ; Noyes v. Hewitt, 18 Wend. 141 ; and see the cases infra.) And it makes no difference whether the defendants have pleaded separately or jointly; (Van Deusen v. Van Slyck, 15 Johns. Rep. 223 ; Bates v. Conkling, 10 Wend. 389, 392 ;) though otherwise, where they have put themselves upon a joint plea of justification, in which case, it seems, there can be no separate verdict. (Bates v. Conkling, 10 Wend. 389, 392, in connection with, Higby v. Williams, 16 Johns. Rep. 217.) A defendant, moreover, cannot be thus acquitted except in the absence of all evidence tending to implicate him. The rule on this subject has been stated thus: “ if there is any, even the slightest evidence against him, (the defendant whose acquittal is sought,) he cannot be discharged as a party, and received as a witness. The want of evidence against a party, in order to entitle him to be a witness, should be so glaring and obvious, as to afford strong grounds of belief that he was arbitrarily made a defendant to prevent his testimony.” (Per Thompson C. J., in Brown v. Howard, 14 Johns. Rep. 119 ; Bales v. Conkling, 10 Wend. 392, 3.) And -Chief Baron Gilbert says—“ there must be no manner of evidence against the defendant;” for, he adds, “if there be evidence against one, though in the judge’s opinion not enough to convict him, yet such person can be no witness for the other, because his guilt or innocence must await the event of the verdict.” (1 Gilb. Ev., (Lofft.) 250 ; and see Bull. N. P. 285 ; 1 Phil, Ev. 73, 7th Lond. ed. ; Wilmarth v. Mountford, 4 Wash. C. C. Rep. 79, 80 ; Lanning’s lessee v. Case, id. 169.) The rule was laid down in a recent case in Arkansas, in nearly the words of Gilbert, with the additional qualification that the testimony of the defendant must appear to be important for his co-defendants. (Ballard v. Noaks, 2 Arkan. Rep. 45, 52.)
The general doctrine applies as well to criminal as to civil cases. (2 R. S. 735, § 19 ; Mac Nolly’s Evidence, 56 ; The People v. Bill, 10 Johns. Rep. 95 ; and see Campbell v. The Commonwealth, 2 Virg. Cas., 314 ; Bowerhan's case, 4 City, H. Rec. 136 ; Pennsylvania v. Leach, Addis. Rep. 352 ; 1 Hale’s P. C. 306 ; Rex v. Mowbey, 6 T. R. 623 ; State v. Blennerhassett, Walker’s Rep. 7, 16, 17 ; State v. Mooney, 1 Yerg. 431 ; State v. Mills, 2 Dev. Rep. 420 ; Nicholas v. The Stale, 6 Missou. Rep. 1, 6 ; Ballard v. Noaks, 2 Arkan. Rep. 45.) And it has been thought that it should apply also, under certain circumstances, in actions ex contractu; as, where one of several defendants pleads a matter in his own personal discharge—e. g. infancy, bankruptcy, &c.—and establishes his plea by proof which the plaintiff does not presume to *107 gainsay or resist. (See Aflalo v. Fourdrinier, 6 Bing. 306 ; Bate v. Russell, 1 Mood. & Malk. 332 ; Kimball v. Lamson, 2 Verm. Rep. 138, 143, 4 ; Hartness v. Thompson, 5 Johns. Rep. 160 ; 1 Phil. & Am. on Ev. 59, note (3) ; Greenl. on Ev. 403, note (2).) It seems to have been settled, however, both in England and this state, that the law is otherwise. (Emmci and another v. Butler and others, 7 Taunt. Rep. 599 ; Schermerhorn v. Schermerhorn, 1 Wend. 119 ; Supervisors of Chenango v. Birdsall, 4 id. 453, 457.)
The cases present considerable diversity as to the time when the acquittal should take place, viz: whether upon the closing of the proofs on the side of the plaintiff, or at some subsequent stage of the cause. Mr. Phillips in the 7th ed. of his work on evidence at p 73, has stated the general rule to be, that, “ one of several defendants is not entitled to a verdict, separately from the rest, at the close of the plaintiff’s ease, although the plaintiff has failed in proving the charge against him; and therefore he cannot be used as a witness for the other defendants, until the whole of the case of the other defendants, exclusive of the evidence which he may have to give, is entirely finished.” To this he cites Ward v. Bourn (MSS., Trin T. 1821, stated in 2 Phil. Ev. 426, 7, 7th Land, ed.,) and Wright v. Paulin, ( Ry. & Mood. 128.) In Bonser v. Curtis, (note to Wynn v. Anderson, 3 Carr. & Payne 396,) it was said to bo matter of discretion with the judge, whether the (tiry should, in the middle of a cause, acquit a particular defendant, to make him a ivitncss for his co-defendants. And see Davis v. Living and others, (1 Ron’s N. P. Rep. 275.) In Carpenter v. Jones, (1 Mood, & Malk. 198, note,) Lord Tenterden reasserted this doctrine of discretion; and though he conceded that judges had been in the habit of refusing to direct an acquittal till all the witnesses had been examined, and that it was very often right to do so; yet, he said it might be directed when most convenient. And accordingly, in that case he directed one defendant to be acquitted immediately after the opening speech for the other defendants. Subsequently (A. D). 1834) on a trial before Park J., the acquittal of three out of six defendants was allowed at the close of the plain, tiff’s case; and it was there laid down as having been settled by the unanimous opinion of the judges, “ that, if there was no evidence against any one defendant, at the conclusion of the case on the part of the plaintiff, such defendant is entitled to be acquitted; so that all the defendants not fixed by the plaintiff’s evidence are to be acquitted before any part of the defence is gone into.” And it was added: “ This was the unanimous opinion of all the judges; before that, there was a discrepancy in the practice.” (Child v. Chamberlain and others. 6 Carr. & Payne, 213 ; and see Russell v. Rider, id. 419, S. P ; also, 1 Phil, & Am. on Ev. 59 ; Greenl. Ev. 402, 3.) The point was again considered in the IC. B. in 1837, on the refusal of Coleridge J. to direct the acquittal of two out of three alleged trespassers, at the close of the plaintiff’s case. And Lord Denman C. J., who delir. *108 ered the judgment of the Court said: “ The aplication to a judge in the course of the cause to direct a verdict for one or more of several defendants in trespass, is strictly to his discretion; and that discretion is to be regulated, not merely by the fact, that, at the close of the plaintiff’s case, no evidence appears to effect them, but by the probabilities whether any such will arise before the whole evidence in the cause closes. There is so palpable a failure of justice, when the evidence for the defence discloses a case against a defendant, already premature, ly acquitted, that such acquittal ought never to take place, but where there is the strongest reason to believe that such a consequence cannot follow.” (Sowell v. Champion and others, 6 Adol. 6 Ellis, 407.)
The result of the best considered English cases, therefore, seems to be, that this separate acquittal may be directed at any stage of the cause after the plaintiff shall have rested in the first instance; but whether immediately after, or at a subsequent period, is entirely discretionary with the judge, even where there is no evidence against the defendant whose acquittal is sought. Several American cases are to the same effect. Indeed some of them go the length of saying that it is discretionary whether any intermediate acquittal shall take place at all. (Per Weston C. J., in Gilmore v. Bowden and others, 3 Fairf. Rep. 412, 414 ; Sawyer v. Merrill, 10 Pick. 16, 18 ; Dougherty v. Dorsey, 4 Bibb. 207.) But in this state a writ of error lies for a total denial of the right to such acquittal in a case where one should have been directed. (Van Deusen v. Van Sylck, 15 Johns. 223 ; Bates v. Conkling, 10 Wend. 389, 392 ; Noyes v. Hewitt, 18 id. 141, 143.) So also, semble, in Arkansas. (Per Lacy J., in Ballard v. Noaks, 2 Arkan. Rep. 45, 53.) And the practice generally pursued has been to direct the acquittal upon the plaintiff’s closing his case; (see Wilmarth v. Mountford, 4 Wash. C. C. Rep. 79 ; Lanning’s lessee v. Case et al., id. 169; Bates v. Conkling, 10 Wend. 389, 392 ; Noyes v. Hewitt, 18 id. 141, 143 ; Van Deusen v. Van Slyck, 15 Johns. Rep. 223 ; Higdon’s heirs v. Higdon’s devisees, 6 J. J. Marsh. 54; Greenl. Ev. 402, 3 ;) though, it seems, there is no direct authority in the American books for saying, that it may not be deferred to any subsequent period of the trial before final verdict, if the judge, in the exercise of his discretion, thinks proper so to order.
Though one of several defendants sued for a wrong in a justice’s court, be acquitted there, yet if the opposite party appeal, the former is not therefore a com potent witness on the trial of the appeal. (Bates v. Conkling, 10 Wend. 389.)