## WOOD *et al.* VS. FOLMER.

1. ACTION OF TORT—DISCHARGE OF ONE DEFENDANT. In an action for tort, when the plaintiff has closed his case, if no evidence has been produced against a particular defendant, he will be discharged by a verdict in his favor, and then he may be a witness for the other defendants ; but if there is slight evidence against him, he cannot be discharged, and the want of evidence must be so obvious as to afford strong grounds of belief that he was made a party, arbitrarily, to prevent the use of his testimony, in which case he may be discharged by the court, without a formal verdict in his favor.

2. RULING ON ENTIRE PROPOSITION. Where a motion is made to acquit three of the defendants, for the reason that there is no testimony against them or either of them, it is not error for the court to rule upon the proposition as made, and if there is any evidence against any one of the three to overrule it.

ERROR to the District Court for *Rock* County.

*Folmer* commenced an action of trespass against *Wood, Stone, Trask, William P. Hammond*, and *Theodore Hammond*, for taking and carrying away a raft of timber. The defendants pleaded jointly not guilty. The

jury found all the defendants guilty except *William P. Hammond*, who they found not guilty. The motions made during the trial are stated in the opinion of the court. Appended to the bill of exceptions containing the testimony, is the following note by the district judge:

"The foregoing statement of the evidence is from the recollection of the testimony of the attorney in the cause, and may, in the main, be correct so far as it goes, but it is not all the testimony that was given in the cause. The exceptions and rulings of the court are correctly stated, and the jury found all the defendants guilty except *William P. Hammond*. I do not remember any testimony that materially, if any, that bore against said *Hammond*.

Judgment was rendered according to the verdict, and the defendants sued out a writ of error. Such other facts as are material, are stated in the opinion of the court.

*J. H. Knowlton* and *A. Hyatt Smith*, for plaintiffs in error, cited 15 Johns. 223; 16 id. 215; 14 id. 120; 1 Wend. 119; 10 id. 389; 6 Carr. & P. 213; 4 Wash. C. C. 80; 1 Phil. Ev. 73.

*Edward V. Whiton*, for defendant in error.

DUNN, C. J. Error is prosecuted in this case to reverse the decision of the district court of Rock county, refusing, in an action of trespass, after the plaintiff had closed his testimony: 1. "To submit the case to the jury, as against the defendants, *A. S. Wood, Theodore Hammond*, and *William P. Hammond*, with directions to acquit, there being no evidence against them, or either of them, that the other defendants might avail themselves of their testimony on the trial." And 2. "To discharge the said defendants, *Wood, Theodore Hammond*, and *William P. Hammond*, or either of them, as there was no evidence against them, *especially* William P. Hammond, that the other defendants might use the testimony of the defendant or defendants thus discharged on the trial."

It is a general rule in actions of *tort*, that when the

plaintiff has closed his case, if no evidence has been produced against any particular defendant, he shall be discharged by a verdict in his favor, and then he may be a witness for the other defendants. 1 Phil. Ev. 61 ; 14 Johns. 122 ; 15 id. 223 ; 16 id. 217 ; 10 Wend. 392 ; 6 Carr. & Payne, 213.

It is also laid down in the books on this question, that if there is any, even the slightest evidence against a defendant, he cannot be discharged as a party and received as a witness. The want of evidence against a party, in order to entitle him to be a witness, should be so glaring and obvious, as to afford strong grounds of belief, that he was arbitrarily made a defendant to prevent his testimony. Phil. Ev. 61 ; Buller, 285 ; 14 Johns. 122.

It will be perceived in this case, that the district court was requested in the first place to direct the jury to acquit the three defendants named, upon the ground of there being no evidence against them, or either of them, which was refused by the court, and we cannot doubt the correctness of this decision, when we examine the record and find that the jury on the trial found two of those identical defendants guilty on the evidence. It would have been error in the court to have submitted to the jury, at that stage of the trial, whether one of three defendants was guilty or not guilty. It was the province of the court to decide the legal question, whether there was or not *any* evidence against the defendants named, and if there was no evidence against them, to direct the jury to acquit in form.

The defendants below, having elected to request the court to submit it to the jury as an entire proposition to acquit the three named defendants, upon the ground that there was no evidence against them, or either of them, the court did right in treating it as an entire proposition, and if there was *any* evidence against any one of them, to refuse the request. The jury found two of them guilty on the trial. As to the defendant *William P. Hammond*

who was acquitted on the trial, this court cannot undertake to say that there was not *any* evidence against him, for the district court, in a note to the bill of exceptions sent up, says, "that the testimony returned is not all the testimony in the case, but from memory, the court would not undertake to say that there had been material evidence against the said defendant."

From uncertainty as to what the evidence really was on the trial, and from the fact that the jury found two of the defendants embraced in the proposition to acquit, guilty, we must presume that the district court refused correctly, when the evidence was fresh in the memory of the judge. The former reason would apply if a distinct motion had been made to direct the jury to acquit the defendant *Wm. P. Hammond;* they both apply as the motion was made.

If it is insisted that the court may discharge a defendant in tort, against whom there is no evidence, without the formal verdict of a jury, we say that in the case at bar, if it was not error in the district court to refuse to direct the jury to acquit the three defendants named for the reasons already alluded to, then *a fortiori*, it was not error to refuse to discharge the said defendants, for the same reasons.

We hold, however, that there is no settled rule which authorizes a court to discharge in such cases, without the formal verdict of a jury.

The judgment of the district court is affirmed with costs.