----o----

WM. C. RICKEY, *et al.*, Respondents, PHIL. ZEPPENFELDT, *et al.*, Appellants.

1. *Instructions—Refusal of, no error, when.*—The refusal of instructions substantially incorporated in others which are given is not error.
2. *Instructions—Evidence, conflict of—Jury.*—Questions of conflicting testimony are properly left to the jury under appropriate instructions.
3. *Contract—Part fulfilment—Measure of damages.*—Where by the terms of the contract for the sale of certain saw logs; they were to be "received and paid for when as much as 50,000 feet were ready," if they received less than that number they would be liable on the *quantum meruit* for what they got, taking the contract price as their value, if the agreement had been carried out and making proper allowance for the difference between that and the value of the logs as furnished.
4. *Sale—Title passes without transfer of possession, when.*—A sale without delivery or possession taken by the vendee passes the title, if the property is of such a nature and so situated that his possession would be impracticable or inconvenient. So where the article though bought in general terms from a large number of the same description, is afterwards selected and set apart with the assent of the parties as the thing purchased.

*Appeal from Cole County Circuit Court.*

*E. L. King & Bro.* for Appellants, cited: The State v. Bank of Mo., 45 Mo. 528 ; Norton vs. Ball, 43 Mo. 113 ; Pattison vs. Judd, 27 Mo. 563 ; Marsh vs. Richards, 29 Mo. 99.

*Ewing, Smith & Pope*, for Respondents, cited: Bass vs. Walsh, 39 Mo. 192 ; Blow vs. Spear, 43 Mo. 496 ; Means vs. Williamson, 37 Me. 556 ; Hil. Sales (2nd Ed.) 88, 91.

HENRY, Judge, delivered the opinion of the court.

This was an action commenced in the Cole circuit court by defendants in error, Rickey and Sinclair, against plaintiffs in error, Zeppenfield and Fischer on a written agreement between the parties, fully set out in the petition, by which Zeppenfield and Fischer agreed to pay plaintiffs for saw logs, cotton wood, elm and sycamore to be received and measured on the bank of the Missouri river, and at the farm of plaintiffs, in Boon county, Missouri, at six dollars per thousand feet, board measure, etc. ; "said logs to be measured, received and paid for when there is as much as fifty thousand feet ready on said river bank ; all logs furnished under said contract, not to exceed two hundred thousand feet, board measure, and the time of delivery not to be later than Sept. 18, 1872."

Plaintiffs allege in their petition, that under this contract, they delivered to defendants logs at various times for which defendants paid them, but that on July 29th, 1872, they delivered under this contract, and defendant received, eighty-one saw logs, of the kind specified in the contract, containing 31,649 feet for which defendants refuse to pay them.

In their answer defendants admit the execution of the contract, but deny all the other allegations in the petition.

At the November term of said court, 1874, there was a trial of said cause, which resulted in a verdict for plaintiff for $167.85.

In due time defendants filed their motion for a new trial, which was by the court overruled, and afterwards their motion in arrest of judgment, which was also overruled, and judgment was rendered against them in accordance with the verdict, from which they have appealed to this court.

From the bill of exceptions it appears that there was evidence on the part of the plaintiffs, tending to show that they had delivered the logs to one Hudson for defendant, and that Hudson was the agent of defendants' to measure and receive them. There was also evidence on the part of defendant conducing to show that Hudson was not their agent to receive the logs, and that he did not receive them, and conclusively establishing the fact that defendants did not, in person, receive them at the place where they were to be delivered.

At plaintiffs' instance the court instructed the jury as follows :

1st. " If the jury believe from the evidence that the plaintiffs sold and delivered to defendants, under said contract, the logs mentioned in plaintiffs' petition, or any part thereof, they will find for plaintiffs the amount thereof, at the price fixed in said contract."

2nd. " The court instructs the jury, that the removal of all, or any part of said logs, by defendants, was not necessary to complete the delivery thereof by plaintiffs to the defendants."

The defendants asked the court to instruct the jury as follows :

1st. " The jury are instructed that it devolves upon plaintiffs to show that defendants, or one of them, or their authorized agent, did actually receive the logs mentioned in the petition, and in the absence of such showing the jury must find for defendants ; and the jury are further instructed that the delivery of the logs to Hudson, and any acceptance by him, was not binding on defendants, unless the jury further believe from the evidence that Hudson was authorized by defendants, or one of them, to receive the logs for them, or afterwards ratified his acts in receiving them."

2nd. " Although the jury may believe that defendants, through Hudson, got a part of the logs mentioned in the petition, yet if they believe that Hudson took such logs out of the lot, for the purpose of filling out a raft of other logs for defendants, and that he did so without the direction or authority of defendants, then defendants are not liable to plaintiffs under the contract sued on, although they afterwards received the same through Hudson, and the jury will so find."

3rd. " The plaintiffs cannot recover in this action against defendants for any logs which they may believe that Hudson took and delivered to defendants, unless the jury believe that such logs so taken by Hudson, were taken by the authority or direction of defendants, and that they were taken and delivered in pursuance and under the terms of the written contract sued on."

4th. " Under the pleadings and the evidence plaintiffs cannot recover, and the jury will find for defendants."

5th. "Before the plaintiffs can recover in this form of action, they must show affirmatively that they delivered the logs, of the kind and quality, and to the amount in feet and at the place mentioned in the contract sued on, and that defendant received the same."

The court gave the first and refused the other instructions asked for by defendants, and the only question presented by the record for this court to determine, is, whether the instructions properly and fairly presented to the jury the law of the case.

The first instruction for plaintiffs predicates their right to recover, upon the sale and delivery of the logs to the defendants, under the contract, and the instruction given by the court at the request of defendants, required the jury before they could render a verdict for plaintiffs, to find from the evidence, that the defendants, or one of them, or their duly authorized agent, did actually receive the logs, in question, and that the delivery of the logs to Hudson was not binding on defendants, unless he was authorized by defendants, or one of them, to receive the logs, or they afterwards ratified his acts in receiving them. Neither the second nor the third instruction, refused by the court, asserts any proposition of law that is not substantially embraced in the instructions given.

Plaintiff in error contend, that there was no evidence that Hudson was their agent to receive the logs, and therefore no evidence that the logs were delivered to them, and that consequently their fourth instruction should have been given. The testimony of Rickey, one of the plaintiffs, was as follows, on that point : " I delivered them to Hudson, who said he was the agent of defendants. Zeppenfield told me he would send Hudson up to measure the logs. I delivered to Zeppenfield a large number of other logs on this contract, which he paid me for. I never delivered any of the logs to either of defendants in person, I delivered them to Hudson."

Zeppenfield, for defendants, testified that Hudson was not his agent to receive, but only to measure the logs.

Hudson, for defendants, testified as follows : " I went up and measured the logs and received them. I reported the number and

amount to Zeppenfield.   Told him some of them were banked too far from the river.   He did not authorize me to receive them."   He also testified that he was then rafting logs for defendants.

We think that the court committed no error in refusing the fourth instruction.   There was evidence tending to prove that Hudson was agent of the defendants.   There was conflicting evidence on that issue, and the court very properly left it to the jury to determine on which side was the preponderance.

The fifth instruction, the refusal of which by the court is complained of by the defendant, asserts as a proposition of law, that unless plaintiffs delivered the logs, of the kind and quality, and to the amount in feet, and at the place mentioned in the contract, they had no right to recover.   In other words, that although defendants may have actually received and used any quantity of logs less than 50,000 feet, they are not bound to pay for them.

The terms of the contract are that the logs are " to be measured and received and paid for, when there is as much as 50,000 feet ready, etc."   Defendant could not under that contract have been required to receive less than 50,000 feet, but they had their option to receive less, or more, if the whole quantity was not at the place of delivery, but certainly could not take less, and then refuse to pay for what they actually received.

The case of Patterson vs. Judd, (27 Mo. 563,) relied upon by defendants to sustain him in that position, was a case in which the purchaser sued the vendor, who had delivered a *part*, for not delivering all the logs, which it was alleged by plaintiff he had agreed to deliver, and there was no question in that case analogous to the one raised by the defendants in their fifth instruction.

The case of Marsh vs. Richardson, (29 Mo. 99,) gives no support, whatever, to the proposition contained in that instruction.

It was a suit on a *quantum meruit* to recover for materials furnished and work and labor on the walls of certain buildings. It was held by the court, that although there was a written contract between the parties with which plaintiff had failed to comply, yet, as the work was done and the materials furnished,

plaintiff could recover their value, taking the contract price as the value of the work if it had been done in pursuance of the contract, and making proper allowance for the difference between that and the value of the work as it was done.

So far as that case bears upon the point we are considering, it is against the appellants' position, and in harmony with an unbroken line of decisions of this court.

The second instruction given by the court for plaintiffs was properly given. What amounts to a delivery in a case like this is well settled.

Upon this subject, it may in general be stated that a sale without delivery, or possession taken by the vendee, passes the title if the property is of such a nature, and so situated, that his possession would be impracticable or inconvenient. So, where the article, though bought in general terms from a large number of the same description, is afterwards selected and set apart, with the assent of the parties, as the thing purchased, it is held to be as much identified and sold as if selected before sale and specified in the contract, and a title to the purchaser passes. (Hil. Sales, 124, 5 ; Bates vs. Conkling, 10 Wend. 389 ; Stanton vs. Small, 3 Sandf. 230 ; Means vs. Williamson, 37 Me. 557.)

With the concurrence of the other judges the judgment of the circuit court is affirmed.