(23 Misc. Rep. 353.)

## SMITH v. HARTOG.

(Supreme Court, Appellate Term.　April 27, 1898.)

1. CONVERSION—WHAT CONSTITUTES.

Any unauthorized exercise of dominion over the property of another is a conversion, without regard to the intent with which the act is done.

2. SAME—DEMAND AND REFUSAL.

In order to sustain an action for conversion against one into whose hands the property in question came lawfully, there must have been a demand and refusal.

3. SAME—DAMAGES—TENDER.

In an action for conversion, the plaintiff's right to recover the full value is not affected by proof of an unaccepted tender of the property, made by the defendant after the conversion, and before the commencement of the action.

4. SAME—DEFENSES.

Plaintiff, who owned a horse, loaned it to a firm, for which a receiver was thereafter appointed, who thereupon took possession of the horse as property of the firm.　In an action for conversion, he attempted to excuse his failure to deliver the horse upon plaintiff's demand, by plaintiff's refusal to give a receipt for it.　He personally knew that plaintiff had owned the horse, and his only reason for regarding it as firm property was a general statement by one of the firm, who had, however, later informed him that the horse was plaintiff's.　*Held*, that his excuse for not delivering on demand was unreasonable and insufficient.

Appeal from Sixth district court.

Action by Charles J. Smith against Albert Hartog.　From a judgment for plaintiff, defendant appeals.　Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Weekes Bros., for appellant.

B. L. Brandner, for respondent.

GILDERSLEEVE, J.　On June 16, 1897, plaintiff was the owner of a certain horse, which he had loaned to the firm of Smith & Woolsey, the senior member of which firm, Malcolm Smith, was the son of plaintiff.　On June 14, 1897, the defendant was appointed receiver of said firm, and, on or before June 16th, duly qualified as such.　On said 16th of June, defendant, with said Malcolm Smith and his lawyer, went to the place of business of said firm, to take possession of the assets thereof.　In front of said premises were four horses, which said Malcolm Smith pointed out as the property of the firm.　Defendant thereupon took possession of said horses, and placed them in a stable. One of these horses belonged to the plaintiff, who, as we have said, had loaned it to the firm some time previous to the day in question.

On July 7th, the plaintiff made a demand for the return of his horse. Defendant knew that the horse had belonged to plaintiff, and his only reason for supposing that the firm had acquired ownership was the fact that it was found among other horses belonging to the firm, and that Malcolm Smith had pointed out all the horses together as being the property of the firm. Upon plaintiff's demand, inquiries were made of Malcolm Smith, who acknowledged that the horse belonged to plaintiff, and told defendant to deliver it to him. Thereafter defendant offered to return the horse into the possession of plaintiff, if plaintiff would sign the following receipt, viz.: "Received from Albert Hartog, receiver, one gray horse, claimed by me as my property." This receipt plaintiff refused to sign, and defendant kept the horse. Plaintiff, in November, 1897, brought this action for a conversion, and the justice fixed the value of the horse, upon sufficient evidence, at $50, and gave judgment for the plaintiff.

It is well settled that any unauthorized exercise of dominion over the property of another is a conversion, without regard to the intent with which the act is done; and, if the rightful owner has been deprived of his property by some unauthorized act of another assuming dominion or control over it, the latter is liable for a conversion. See Roe v. Campbell, 40 Hun, 49. There can be therefore no doubt that the defendant has been guilty of a conversion, under the state of facts above set forth, which have been established by defendant's own testimony. It must be held, however, that, under the circumstances above disclosed, the property came lawfully into the defendant's possession; and therefore there must have been a demand and refusal in order to sustain an action for conversion. See Bates v. Conkling, 10 Wend. 389; Hall v. Robinson, 2 N. Y. 293; Sluyter v. Williams, 37 How. Prac. 109; Spoor v. Newell, 3 Hill, 307. Of the demand there is no question, but appellant claims that the evidence will not warrant a finding that there was a refusal, since defendant tendered the horse back on condition that plaintiff signed a receipt; but, upon plaintiff's refusal to do so, defendant kept the horse. We do not think that plaintiff was under any obligation to sign this receipt, in order to recover his property. The rule is that there must be an absolute denial of the plaintiff's right, or the qualification or excuse must be unreasonable, or made in bad faith. See Monnot v. Ibert, 33 Barb. 26. It seems to us that defendant's excuse for not delivering the horse—i. e. the refusal of the plaintiff to sign the receipt—was entirely unreasonable and insufficient. As we have above stated, the only reason for the defendant's supposing the horse to have belonged to the firm was the fact that Malcolm Smith had given him to so understand; and yet, although the same Malcolm Smith told him, upon the plaintiff's making his demand, that the horse did not belong to the firm, but did belong to the plaintiff, and, although he himself knew that the horse had belonged to the plaintiff, still he refused to give the horse up, unless the plaintiff signed a receipt to suit him. Had he wished to protect himself, he could have delivered the horse in the presence of witnesses. What plaintiff's reason for this refusal to sign the receipt was does not appear. Indeed, plaintiff makes no reference to any such demand for a receipt, although he does not specifically deny defendant's alle-

gation in reference thereto. Plaintiff simply swears that defendant promised to return the horse, but did not do so, which would be evidence of a conversion, even without a demand and refusal. See Durell v. Mosher, 8 Johns. 347. It must be held that the fact of the demand and refusal is fully established, and defendant has been guilty of a conversion, and is liable therefor.

There is another point which may, perhaps, merit notice, since it has been referred to by counsel, although it does not seem to have much importance in view of the facts established by the evidence in the case at bar. If we assume from the testimony, which is not very clear as to dates, that defendant, when plaintiff made his demand, and Malcolm told him to deliver the horse, at first refused absolutely to accede to the plaintiff's demand, but that some time afterwards, upon reconsidering the matter, or, in his own words, "rather than have any dispute about the horse," sent the horse to plaintiff, and made a tender of the same, and that plaintiff's refusal to sign the receipt amounted to a refusal to accept the horse, still the defendant would be liable. In an action for the conversion of personal property, the right of the plaintiff to recover the full value of the property is not affected by proof of an unaccepted tender of the property, made by the defendant, after the conversion, and before the commencement of the action. See Carpenter v. Insurance Co., 22 Hun, 47. In an action for conversion, the defendant can only claim a mitigation of damages, because of a return of the property, where the owner has accepted its return, or has assumed dominion over it as owner. See People v. Bank of North America, 75 N. Y. 549. Upon the assumption of facts here indicated, the conversion would have been complete, upon defendant's refusal to comply with plaintiff's demand. See Carpenter v. Insurance Co., supra.

Appellant contests the value put upon the horse by the trial justice, but, as we have already indicated, we think the evidence justifies his finding in this respect.

For the reasons above stated, the judgment, so far as assailed on this appeal, should be affirmed, with costs. All concur.