McMartin *v.* Taylor.

Barbour.
2b 356
46ap147

SAME TERM. *Cady, Hurlbut, and Willard,* Justices.

## McMARTIN *vs.* TAYLOR and others.

One of several defendants, jointly sued for a tort, may be acquitted, and sworn as a witness for his co-defendant, whether they have united in the plea of not guilty or not.

The application for the discharge of such defendant, is in the nature of a motion for a nonsuit, and should, in general, be granted, if the facts be such that the defendant sought to be discharged, would, if sued alone, be entitled to a nonsuit.

It is in the discretion of the judge who tries the cause, at what stage of the trial to submit to the jury the case of the defendant sought to be discharged; but in general, it should not be done, until the whole of the case of the other defendants, exclusive of the evidence he may have to give, is entirely finished.

A refusal to discharge a defendant, in a proper case, is error.

THIS was an action of trespass, assault and battery, and false imprisonment, tried at the Saratoga circuit in December,

1844, before WILLARD, then one of the circuit judges. The defendants pleaded the general issue, and gave notice of a justification. On the trial it appeared. that at a regular camp meeting of the Methodist Episcopal Church, at Charlton, in September, 1844, the plaintiff and others were present, making disturbance at a late hour in the evening, against the known and published rules of the meeting, and refusing to desist or to leave the ground when requested ; that the plaintiff was arrested by Taylor, a constable, who was present for the purpose of keeping order ; that the plaintiff resisted Taylor, whereupon Taylor commanded the other two defendants to assist him in taking the plaintiff before the justice for examination, which they did accordingly. That this constituted the plaintiff's cause of action. It appeared in the plaintiff's case, that he knew the rules of the meeting ; that he and his associates remained on the ground after they were required, by the said rules, to leave ; that they violated the said rules by noise and conversation, and by having a bottle of liquor, of which they drank ; that the families had withdrawn to their tents for evening worship, before retiring to rest, and were engaged in such worship ; that some one of the persons of the plaintiff's company, pulled aside the curtain of a tent where females were preparing for bed ; that the plaintiff and the rest were requested to leave, and refused ; that they knew the defendant, Taylor, was a constable, and that the other two defendants, Goss and Banker, were officers of the meeting, and that they acted by the command and in aid of the officer Taylor.

When the testimony was closed on both sides, the defendants' counsel moved for the discharge of Goss and Banker, upon the ground that it appeared that they were justified, and the other defendant was entitled to their evidence. The plaintiff's counsel objected, on the ground that there was sufficient evidence against them to entitle the plaintiff to have the question submitted to the jury. The circuit judge overruled the objection, and directed the jury to find a verdict of not guilty as to those defendants, which the jury found accordingly ; to which the plaintiff's counsel excepted. They were afterwards

McMartin *v.* Taylor.

examined as witnesses, and the jury found a verdict for the other defendant. It appeared also, on the trial, that the defendants Goss and Banker were the only persons present on whom the defendant Taylor could call for assistance, or as witnesses to the main fact, except the associates of the plaintiff.

*D. P. Corey,* for the plaintiff.

*J. K. Porter,* for the defendants.

*By the Court,* WILLARD, J. We had no doubt, on the argument, that at the close of the proof, when the defendants' counsel moved for the discharge of Goss and Banker, the evidence would have warranted the jury in acquitting all the defendants; and that the circuit judge would have been justified in nonsuiting the plaintiff. The only question in the case is, whether the circuit judge erred in severing the defendants, and directing a verdict in favor of Goss and Banker, who, it appeared by the plaintiff's own testimony, acted in obedience to the command, and in aid of, the defendant Taylor. Or, in other words, whether one of several defendants in an action for a tort, against whom there is the slightest evidence, can, under any circumstances, have his case separately submitted to the jury, so, that if acquitted, he may be used as a witness for his co-defendants.

The general rule is well settled, that one of several defendants jointly sued for a tort, may be acquitted and sworn for his co-defendants; whether they have united in the plea of not guilty or not. The cases are collected by the reporter in 3 *Hill,* 106, and need not be repeated, as the rule is not questioned. The reporter however adds, on the authority of some of the English cases, and *Bates* v. *Conklin,* (10 *Wend.* 389, 392,) and per Thompson, J., in *Brown* v. *Howard,* (14 *John. Rep.* 119,) that "if there is any, even the slightest, evidence against the defendant sought to be acquitted, he cannot be discharged as a party and received as a witness." This rule, I apprehend, is stated too strongly, and needs qualification. In

*Brown* v. *Howard*, (*supra*,) which was for an assault and bat-
tery on the high seas, by a seaman against the captain and the
first and second mates, a motion was made at the close of the
case, for the discharge of the two mates, on the ground that
they acted in obedience to the command of the captain, and
were therefore justified. But the court below refused to dis-
charge them, and on error to this court, Thompson, J. says,
after stating the rule as above, "the want of evidence against
a party must be so glaring and obvious as to afford strong
grounds of belief that he was arbitrarily made a defendant to
prevent his testimony;" and in remarking on the case then
under consideration, he observes that "all the facts relative to
the transaction took place in the presence of the two defendants
who were offered as witnesses, and were fully known by them
when they obeyed the order of the captain. That this act of
the captain being in itself illegal, and that being known to the
other defendants, they were not excused for obeying it;" and
he concludes by saying, "that there was not the *least justifi-
cation* for the captain's treatment of the plaintiff, and the mates
*having been acquainted with the whole* transaction, cannot be
exonerated," &c. But suppose the evidence had made out a
*justification* of the mates, instead of the reverse, there is no
reason to doubt that, in the opinion of the learned judge, they
would have been entitled to a discharge. Had the law been
as contended for on the argument of this case, the learned judge
would have said at once, that one of several parties defendant
making out a *justification*, is in no case entitled to a discharge.
He puts it, however, upon other ground; admitting, by impli-
cation, that if their justification had been complete, they might
have been discharged.

The case of *Bates* v. *Conklin*, (10 *Wend.* 389,) does not
support the marginal note of the case, nor the principle above
cited from the note to *Moon* v. *Eldred*, (3 *Hill*, 104.) The
reason assigned by Chief Justice Savage why Windsor, one of
the defendants in that case, ought not to have been discharged,
was, that he united with the other parties in a plea of justifica-
tion, and "that there was not only *some*, but *strong evidence*

McMartin *v.* Taylor.

*against him.* It must always be a good ground against discharging a party if *there is strong evidence against him.*

The English rule, as stated by Phillips, (1 *Phil. Ev.* 73. *See also Gilbert's Ev.* 117,) is, that one of several defendants is not entitled to a verdict separately from the rest, at the close of the plaintiff's case, although the plaintiff has failed in proving the charge against him ; and therefore cannot be used as a witness for the other defendants, until the whole of the case of the other defendants, exclusive of the evidence which he may have to give, is entirely finished. When that is done, and there is no evidence to implicate him, a verdict may be taken for him separately, with the *consent of the counsel,* and then he may be examined in behalf of the rest.

"If any person," says C. B. Gilbert, "be arbitrarily made a defendant, to prevent his testimony in the cause, the plaintiff shall not prevail by that artifice, but the defendant, against whom nothing is proved, shall notwithstanding be sworn, * * * but this rule must be understood with reference to the case, when there is *no kind of evidence against such defendant ;* for if there be evidence against him, though not enough to convict him, in the judge's opinion, yet such person cannot be a witness for the others, but his guilt or innocence must await the event of the verdict; *the jury being judges of the fact."*

In what stage of a cause the defendant shall be entitled to a discharge, seems to rest in the discretion of the judge who tries the cause ; but the rule generally followed in this state is, the one laid down by Phillips, in the text, *i. e.* at the close of the other proofs in the cause.

The English rule of thus requiring *the consent of counsel,* and that there *should be no manner of evidence* against the party sought to be discharged, the *jury being the judges of the facts,* is based upon the practice of the English courts, which never nonsuit a plaintiff against his consent. It is well settled, in the English practice, that a plaintiff cannot be compelled to be nonsuited, but he may insist on the case going to the jury, and take his chance of the verdict. (1 *Arch. Pr.* 187. 2 *T. R.* 280. 1 *Barn. & Ald.* 252.)

---

McMartin *v.* Taylor.

---

With us, however, the practice is different, and a plaintiff may be compelled to be nonsuited at the trial, when the evidence offered by him is not sufficient to support his action ; there being no question of fact to be decided. (*Pratt* v. *Hull,* 13 *John. Rep.* 334. *Clements* v. *Benjamin,* 12 *Id.* 298.) And it is laid down as a general rule, that if the evidence would not authorize a jury to find a verdict for the plaintiff, or if the court would set it aside, if so found, as contrary to evidence ; in such case, it is the duty of the court to nonsuit. (*Stuart* v. *Simpson,* 1 *Wend.* 376. *Demyer* v. *Souzer,* 6 *Id.* 436, 7, 8. *Wilner* v. *Williams,* 14 *Id.* 146. *Fort* v. *Collins,* 21 *Id.* 109. *James* v. *Acker,* 23 *Id.* 480. *Rudd* v. *Davis,* 3 *Hill,* 287.) This rule has been sanctioned by the unanimous opinion of the court of errors in the last mentioned case. (7 *Hill,* 529.)

The difference between the English practice and that of this state, as to granting nonsuits, would seem to lead to a difference in the practice as to discharging defendants against whom the evidence was insufficient to convict. In *Noyes* v. *Hewitt,* (14 *Wend.* 143,) it was remarked by the chancellor in delivering the opinion of the court for the correction of errors, that the application to discharge one of several defendants, in an action for a tort, on the ground of there being no sufficient evidence against him to warrant a verdict, is in the nature of an application for a nonsuit ; although, in form, the jury are directed to find the defendant, against whom there is no evidence, not guilty ; and that if the court refuse to discharge the defendant, in a proper case, it is error.

In England, it has been seen that a plaintiff is never nonsuited against his consent. Hence, there is a propriety in that country, for the rule, which refuses to discharge one of two or more defendants, sued for a tort, against whom there is any evidence ; and in requiring, to entitle a defendant to a discharge, that there should be such *absence of testimony as to create the belief that he was arbitrarily made a party to prevent his testimony in the cause.* With us, this reason does not exist ; for if the court may nonsuit a plaintiff against his consent, in any stage of the cause, after the proofs on his part are closed, and

thus put him out of court as to all the defendants, no reason, or principle, is perceived, why, in a proper case, the same result may not be reached as to one or more of several defendants, against whom the proof is insufficient to convict, by directing a verdict of acquittal. If this is done only in cases where a non-suit might be properly granted, if the defendants sought to be discharged, were sued alone; and especially, when, as in this case, there was ground to believe they were made parties to prevent their being witnesses, no injustice is done to the plaintiff, and there is no departure from the general analogy of the law.

We think, therefore, that the circuit judge committed no error, in directing the discharge of Banker and Goss.

The motion for a new trial must be denied.

SAME TERM.   *Cady, Willard, and Hand,* Justices.