SARAH MONTFORT *v.* JAMES HUGHES and two others.

Where a defendant, being prosecuted in the Marine Court, neglected to appear on the return of the summons, whereupon the plaintiff declared, and after several adjournments, proceeded to trial before a jury empannelled at his request, and completed the examination of a witness; *held*, that it was error to receive from the defendant a plea to the merits, and continue the trial.

Whether the statute empowering the Marine Court to open defaults (Session Laws of 1853, chap. 617, § 5, p. 1165), warrants that court in suffering a defendant, under such circumstances, to appear and answer, even although the plaintiff by a suspension of the trial, is allowed an opportunity to make new preparation therefor and to examine witnesses *de novo ?   Quere.*

*It seems,* that after the trial is commenced and testimony taken, such an indulgence to a defendant could not be exercised in the district courts.

A plea in abatement for misjoinder of defendants, cannot be presented, directly or indirectly, after issue has been joined and proof taken on the merits.

Hence, the court cannot entertain a motion—made in behalf of the defence after the commencement of the trial upon complaint and answer—to strike out the name of one of several defendants as improperly joined.

Where it appears, on the trial, that the action cannot be maintained by reason of a misjoinder of defendants, the court has no authority to amend it without the plaintiff's consent and against his will.

Master and servant may be joined as defendants when the action is to recover damages for the negligence of the servant.

Where the action is founded solely upon the negligence of the servant, the master not being present nor acting in the matter, if the servant be acquitted there can be no recovery against the master.

In actions of tort, if a several judgment can be rendered against the guilty and the others be acquitted, a misjoinder of defendants is not available in any form.

The court cannot, pending the trial of an action of tort against several defendants, direct the acquittal of one of them, unless the case so far fails as that a nonsuit as to him would be proper, or a verdict against him be subject to be set aside as unwarranted by the evidence.

The decision of the Court of Appeals, in *Beal* v. *Finch*, 9 How. Pr. Rep. 385, 1 Kern. 128, respecting the extent of the competency of a defendant as a witness for a co-defendant, commented upon in respect to this case.

APPEAL by the plaintiff, from a judgment of the Marine Court in favor of the defendants. The grounds of the appeal, and the facts relating thereto clearly appear in the opinion.

*Benjamin T. Kissam*, for the plaintiff, cited, *Wright* v. *Wilcox*, 19 Wend. 343 ; *Suydam* v. *Moore*, 8 Barb. S. C. R. 363 ; 1 R. S. 3d ed. [696] 874, §§ 6, 7 ; 1 Cow. Treat. 3d ed. p. 348 ; *McMartin* v. *Taylor*, 2 Barb. S. C. R. 356.

*William M. Keag*, for the defendant, cited Sess. Laws of 1853, p. 1165 ; *Beal* v. *Finch*, 9 How. Pr. Rep. 385.

BY THE COURT. WOODRUFF, J.—The defendants herein being prosecuted in the Marine Court, neglected to appear on the return day of the summons, and the plaintiff having declared against the defendant, for damages sustained by the plaintiff through the negligence of one of the defendants (Wild) the servant of the other two, in driving the horses and carriage of his master against or over the plaintiff, the cause was adjourned from time to time until the 20th of February, 1853, when the plaintiff and a jury summoned by request of the plaintiff appeared and the trial began. The jury was empannelled and one witness was examined on behalf of the plaintiff and the cause was then adjourned to the 2d of March. On the last named day the defendants appeared, and notwithstanding the plaintiff's objection, were permitted to plead to the merits and the trial proceeded.

How far the statute giving power to the Marine Court to open defaults (Sess. Laws of 1853, chap. 617, § 5, p. 1165), may be deemed to warrant that court in suffering a defendant under such circumstances to appear and put in an answer, and so create an issue which the jury have not been empannelled to try, and which the plaintiff has not been called upon to prepare to meet, it is unnecessary for us to say.

The course of decision under the laws relating to courts of justice of the peace, passed in 1813, and the statutes previously existing, which are substantially the same as the laws of 1813,

Montfort *v.* Hughes.

in relation to the Marine Court in respect to this question, may be seen in *Snell* v. *Sowks*, 11 J. R. 69 ; *Sweet* v. *Coon*, 15 J. R. 86; *Atwood* v. *Austin*, 16 J. R. 180. And especially in *Pickut* v. *Dexter*, 12 Wend 150, in which the subject is reviewed at some length.

But whatever we may think of the power of the court to relieve a defendant and suffer him to appear in any stage of the trial before the case is finally submitted to the jury, we have no hesitation in saying that it is not proper unless upon the plaintiff's consent to continue the trial after one witness has been examined and has left the stand, upon an issue then first joined and in relation to which the plaintiff is entitled to time and opportunity not only to prepare for trial but if he chooses to examine witnesses *de novo.*

The judgment in this case must however be reversed upon another ground. After the plaintiff had rested, the defendants entered upon their defence, and after the examination of one or more witnesses the defendants moved that the name of (Wild) one of the defendants be struck from the record, and the motion was granted. Wild was thereupon examined as a witness on behalf of the other two defendants and judgment was rendered for the defendants.

The motion was made upon the sole ground that the three defendants were improperly joined in one action, masters and servant being sued together for the alleged negligence of the servant (Wild).

Granting such a motion was in effect allowing (under the form of a motion) a plea in abatement for misjoinder of defendants, after issue had been joined and proofs taken on the merits, I need not occupy time in showing that it was too late to present such a plea, directly or indirectly ; and, besides, if misjoinder could be availed of as such it went to the entire action, and if the action was so brought that it could not be maintained and judgment recovered by reason of the misjoinder, the court had no authority to amend the plaintiff's action without his consent and against his will.

There was, however, in my opinion, no foundation for the

objection that the defendants were improperly joined. I perceive no reason why the general rule that in actions of tort misjoinder of defendants is neither pleadable in abatement nor available under the general issue, does not apply to this case. Where a several judgment can be rendered against the guilty and the others be acquitted, there is no reason for sustaining such an objection to the form of the action in any stage. Actions in which from their nature the tort cannot be joint, as in verbal slander, are an exception.

And it is, moreover, held, that in a case like the present there was no misjoinder. (See *Michant* v. *Alistree*, 2 Levinz, 172, and *S. C.* 1 Vent. 295, which was identical in this respect with the present action.) Case was brought, against master and servant, for the injury sustained by the plaintiff, he being run over by the unmanageable horses of the master driven by the servant, and sustained. The same principle is also recognized and approved in *Wright* v. *Wilcox*, 19 Wend. 343, and see also cases there cited. *Morton* v. *Hardorn*, 4 Barn. and Cres. 223. These cases are authority that in an action on the case, master and servant may both be joined when damages for the negligence of the servant are sued for.

It is however urged that although the form of the motion may have been improper, it was in substance a motion to acquit one of three defendants sued in tort, before the case was closed, to enable the other defendants to examine him as a witness.

Neither the motion of the defendant nor the decision of the court (stated in terms in the return) proceed upon any such ground. And it would have been not a little extraordinary if the court could be induced to act upon this idea. If there was any proof against any one it must from the very nature of the action have been against this defendant (Wild). If he (the servant) was not guilty of negligence, no one of the defendants was responsible to the plaintiff. His masters were not present nor in any wise concerned in the injury complained of, except in virtue of their responsibility for his negligence. To acquit him and inquire further whether the plaintiff should have

judgment against his masters was utterly contradictory to the only theory upon which, under the plaintiff's complaint, she could recover at all. If the servant's negligence caused the injury, he at least was liable, and if not, then his masters were not liable.

But if we overlook this view of the subject, and the form of the motion also, it will not avail the respondents. It was not a case in which any such acquittal could be claimed. It is only where the evidence of the plaintiff, as to the defendant sought to be acquitted, so far fails that a nonsuit as to him would be proper, or where, upon the issues made, a verdict against him would not be warranted by the evidence, that the court are at liberty to direct such an acquittal. (See *Bates* v. *Conklin*, 10 Wend. 389; *Moore* v. *Eldred*, 3 Hill, 104; *Noyes* v. *Hewitt*, 14 Wend. 143; *McMartin* v. *Taylor et al*. 2 Barb. 356.)

In the present case, the plaintiff had established his cause of action against all of the defendants, so that a verdict or finding in his favor would not only have not been against evidence, nor without evidence, but such a verdict or finding must have been sustained or warranted by the proofs. Indeed, if there be doubt in the matter, it is rather whether upon the plaintiff's proofs a verdict or finding for the defendants would not have been against evidence, and set aside as such.

But it is further argued that the defendant Wild was a competent witness for his co-defendants without striking his name from the record, and so the plaintiff has suffered no prejudice, since the case must have resulted in an acquittal of the other defendants. Under the decision of the Court of Appeals in *Beal* v. *Finch et al*. 9 How. P. R. 385 (July, 1854, 1 Kernan) Wild would doubtless have been competent to testify upon the question whether the other defendants were his employers or masters, whether they owned the horses and carriage, and to any matter in which Wild was not jointly interested with them; and I am not aware that to this extent the competency of a defendant so situated has been questioned since the amendments of the Code made in 1851.

If it be conceded that errors of the above description may be

overlooked upon such an estimate of the profit or loss and of benefit or hurt to the party ruled against; and even if it be further conceded that Wild could have been examined for his co-defendants upon the question of his own negligence (which the case of *Beales* v. *Finch* may not perhaps necessarily decide), these concessions will not avail the respondent. For neither § 397 of the Code nor the case cited, warrants the use of the evidence of such defendant in his own favor. If the acquittal of the co-defendants rests upon his evidence, and this is the ground now assumed, the plaintiff was entitled to judgment against him, whereas she is now turned out of court upon his evidence without a judgment against any one. The section of the Code referred to and the case cited, both proceed upon the essential precedent condition to his competency that a separate judgment against him can be rendered. The judgment should therefore be reversed, upon the ground that it was erroneous to strike his name from the record.

How far it is consistent with sound principle, or with the Code, or with common sense, to say that in an action against master and servant (where the existence of the relation with all the responsibilities resulting therefrom is not controverted) a several judgment can be rendered against the servant for his negligence while the master is acquitted, it is not necessary at present to consider.

Judgment reversed with costs.