GRACE McDONALD, as Administratrix, etc., of JOHN F. McDONALD, Deceased, Appellant, v. THE METROPOLITAN STREET RAILWAY COMPANY, Respondent.

*Jury — discretionary power of, to render either a general or a special verdict — when the court may properly direct a verdict.*

The power conferred on a jury, by section 1187 of the Code of Civil Procedure, in an action to recover damages for personal injuries, to render a special or general verdict in their discretion, can only be exercised where the court has given no special directions as to the form of the verdict.

Where the court, during the pendency of a motion to direct a verdict, submits specific questions to the jury, and the jury report that they have been unable to agree upon the answers to the questions, but have agreed upon a verdict, the court may properly discharge the jury and direct a verdict for the defendant.

Where the evidence given on a jury trial is so conflicting that it would be the duty of the court to set aside a verdict in favor of the plaintiff as against the weight of evidence, if such a verdict were rendered, the court may properly direct a verdict for the defendant.

APPEAL by the plaintiff, Grace McDonald, as administratrix, etc., of John F. McDonald, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of the New York on the 21st day of December, 1898, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 28th day of October, 1898, denying the plaintiff's motion for a new trial made upon the minutes.

*Edmund Luis Mooney*, for the appellant.

*Charles F. Brown*, for the respondent.

RUMSEY, J.:

The action was brought to recover damages for the negligence of the defendant which resulted in the death of the plaintiff's son. At the close of the evidence the court submitted to the jury three questions, directing them to render answers to each one. After some consideration the jury came into court and reported that they had been unable to agree to answers to the questions, but that they had agreed on a verdict. The court refused to allow them to render the verdict agreed upon, or to accept any verdict except in answer to the three questions, and upon the statement of the foreman that they were unable to agree as to them, the court discharged the jury from further consideration of the case, and ordered a verdict for the defendant. From the judgment thereupon entered and from the order denying the motion for a new trial, the plaintiff appeals.

The counsel for the appellant insists that it was error for the trial justice to refuse to permit the jury to deliver the verdict upon which they had agreed, claiming that in an action of this kind it is the absolute right of the jury to render a verdict if they see fit to do so. It is quite true that the Code of Civil Procedure (§ 1187) says that in an action of this kind the jury may render a special or general verdict in its discretion. That provision is not new in the law, but has existed as long as the trial by jury has existed in its present

form. It must be construed, however, with relation to the remaining provisions of the section, by which the court is authorized during the pendency of a motion to direct a verdict, as was the situation here, to submit certain questions of fact to the jury, and require them to answer those questions. When that has been done the jury must answer the questions submitted if they can agree on them, and they have no right to render any verdict except as contained in those answers. The power given to the jury to render a special or general verdict in their discretion, can only be exercised when no special instructions have been given to the jury as to the kind of verdict they are to bring into court. When such instructions have been given it is the duty of the jury to comply with them, and if they are unable to do so the case stands in relation to that trial precisely as any other case stands upon the disagreement of the jury. Questions are submitted pending the determination of the motion to direct a verdict, in order that the court may have the benefit of the findings of the jury as to the facts contained in those questions, but the court may decide the motion without such submissions if it sees fit. Nor is the court precluded from determining for itself the question whether the evidence is sufficient to warrant a verdict at any stage of the case, where the evidence is clear and before the jury have finally rendered a verdict if the case has been submitted to them. Certainly where the jury are unable to agree, it is neither unusual nor extraordinary for the justice presiding at the trial, if upon consideration he thinks the case a proper one, to direct a verdict dismissing the complaint. There was no irregularity, therefore, in the practice upon this trial.

It is claimed by the appellant that there was a conflict of evidence, and that for that reason the court erred in taking the case from the jury. It may be assumed that at the close of the plaintiff's evidence she had made a *prima facie* case, which, undisputed or explained, would have been sufficient to warrant a verdict in her favor. It is equally true that at the close of the defendant's case the *prima facie* case of the plaintiff had been explained away and destroyed, so that a verdict for the plaintiff, had such a one been rendered, must have been set aside by the court as against the weight of the evidence.

The appellant insists that, in those circumstances, the court is bound to submit the case to the jury, although if a verdict were rendered for the plaintiff it would have been its duty to set it aside at once upon motion. The respondent, on the contrary, claims that in such cases the court is justified in directing a verdict for the defendant, and if it has done so its action will be sustained and the case will not be sent back to secure a useless verdict merely for the purpose of setting it aside.

It is undoubtedly true that where there is a conflict of evidence the court may properly submit the case to the jury if it sees fit, even though the testimony may decidedly preponderate on one side or the other, so that a verdict would be set aside as against the weight of the evidence, but it is equally true that the court will not be required to take such action although it is advisable to send the case to the jury, except where there is a great preponderance of testimony. But if the court does not see fit to take that course, and has itself disposed of the case, the question then to be determined is whether upon the evidence a verdict in favor of the person against whom the judgment has been rendered, could be sustained. If not, the action of the court will be approved.

This has been the undoubted rule in this State for many years. In the case of *Stuart* v. *Simpson* (1 Wend. 376) it was said by the Supreme Court that if the evidence would not authorize the jury to find a verdict for the plaintiff, or if the court would set it aside if rendered, in such cases it is the duty of the court to nonsuit the plaintiff.

The same determination was made in the case of *Rudd* v. *Davis* (3 Hill, 287). In that case the plaintiff was nonsuited, although it is quite clear from the meagre report that there was some evidence to go to the jury. The rule was laid down that it was proper to order a nonsuit whenever a verdict for the plaintiff would be set aside as against the weight of the evidence, whatever might be its character. The case was affirmed upon that precise point (7 Hill, 529). We have examined the cases from that time to the present, and we find that the cases of *Stuart* v. *Simpson* and *Rudd* v. *Davis* have been constantly cited with approval upon the foregoing proposition, and we can find no case overruling them. On the contrary, not only have they been followed in the Supreme Court in various cases, but they have also been approved by the Court of Appeals many

times.  (*McMartin* v. *Taylor*, 2 Barb. 356, 361; *Smith* v. *Sanger*, 3 id. 360, 369; *Carpenter* v. *Smith*, 10 id. 663, 664; *People* v. *Cook*, 14 id. 259, 303; *Sheldon* v. *Hudson River R. R. Co.*, 29 id. 226, 229; *People ex rel. Peck* v. *Board of Police, etc.*, 35 id. 651.)

In *Colt* v. *Sixth Avenue R. R. Co.* (49 N. Y. 671) it is said in the head note that it is not enough to justify a nonsuit if the court, in the exercise of its discretion, might grant a new trial.  It is only where there is no evidence in law, which, if believed, will sustain a verdict, that the court is called upon to nonsuit; and the evidence may be sufficient in law. to sustain a verdict, although so greatly against the apparent weight of evidence as to justify the granting of a new trial.  The decision is only a memorandum and contains no part of the opinion, but sufficient is apparent from the case as reported to show that there was evidence in favor of the plaintiff, so that the court refused to nonsuit, and that the question presented to the Court of Appeals was only upon the exception to the refusal. That being the case, the Court of Appeals was not called upon to consider any action of the trial court based upon its determination as to the weight of the evidence.  All it was at liberty to say or did say was, that if there was evidence the court could not be compelled to nonsuit, and it was no error to refuse to do so.

It is doubtful whether that case now represents the law as determined by the Court of Appeals.  It is said in the case of *Linkauf* v. *Lombard* (137 N. Y. 417, 426) that the rule was to be regarded as settled, as well by the decisions of the courts of this State as by the courts of England, that where there is no evidence upon any issue before the jury, or the weight of evidence is so preponderating in favor of one side that a verdict contrary to it would be set aside, it is the duty of the trial justice to direct a nonsuit.

What was said in that case was accepted in a subsequent decision of the court (*Hemmens* v. *Nelson*, 138 N. Y. 517), where the opinion was delivered by the only justice who dissented in the case of *Linkauf* v. *Lombard*.  In the absence of some decision of that court we do not think we should be at liberty to depart from the rule there laid down.

Our attention has been called to the case of *Luhrs* v. *The Brooklyn Heights Railroad Company* (11 App. Div. 173; 13 id. 126) in which the court declined to follow the broad rule laid down

by the Court of Appeals in the two cases above cited, and said that although the evidence may greatly preponderate in favor of one party so that were a verdict rendered against that party it would be set aside, yet that fact does not warrant the court in directing a verdict. The learned justice who delivered the opinion in that case has not cited any of the numerous cases upon that subject which have been reported in the Supreme Court during a period of nearly seventy years. In spite of the weight to be attached to his opinion, were the case a new one, we do not think it is sufficient to overrule what seems to have been the settled practice in this State during all that time.

It is not necessary to discuss here the evidence in this case. A careful reading of it satisfies us not only that there was no negligence on the part of the gripman, but that there was clearly contributory negligence on the part of the young boy. The conclusion which we reach in the case is that the boy rushed out behind a south-bound car immediately in front of the north-bound car, and so close to it that when he unfortunately slipped and fell upon the track it was absolutely impossible for the gripman to check the speed of his car in time to prevent running over him.

The conclusion of the learned trial justice to dismiss the case was, therefore, correct, and for the reasons given above the judgment and order must be affirmed. with costs.

VAN BRUNT, P. J., O'BRIEN and INGRAHAM, JJ., concurred; McLAUGHLIN, J., concurred in result.

Judgment and order affirmed, with costs.