THE NEW YORK LIFE INSURANCE COMPANY

*v.*

THE PEOPLE *ex rel.* J. W. Wheatley.

*Opinion filed February 21, 1902—Rehearing denied April 5, 1902.*

WITNESSES—*a personal privilege of a witness cannot be claimed by his principal.* In an action against an insurance company to recover a penalty for violation of a statute, if the agent of the company is required, over the company's objection, to give answers tending to criminate himself, which he does without claiming his privilege, the company is not entitled to assign error thereon on appeal.

*New York Life Ins. Co.* v. *People,* 95 Ill. App. 136, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Williamson county; the Hon. A. K. VICKERS, Judge, presiding.

W. W. CLEMENS, (EDWARD O'BRYAN, of counsel,) for appellant.

R. R. FOWLER, State's Attorney, and W. W. DUNCAN, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action of debt, brought in the Williamson circuit court, to recover a statutory penalty against the appellant and one Will H. Piety, its agent. A jury was

waived and there was a trial before the court, and a recovery had on two counts of the declaration, of the penalty of $500 on each count against each defendant. On appeal by the insurance company the Appellate Court affirmed the judgment, and the company took this its further appeal to this court.

The statute (Hurd's Stat. 1899, p. 978,) is as follows:

"Sec. 1. That no life insurance company or association organized under the laws of this State, or doing business within the limits of the same, shall make or permit any distinction or discrimination between insurants of the same class and equal expectation of life, in its established rates; nor in the charging, collecting, demanding or receiving of the amount of premium for insurants of the same class and equal expectation of life; nor in the return ratably of premium, dividends, or other benefits accruing, or that may accrue, to such insurants as aforesaid; nor in the terms and conditions of the contract between such company and the insurants; and such contract of insurance shall be fully and wholly expressed and contained in the policy issued and the application therefor; nor shall any such company or its agents pay, or allow, or offer to pay or allow to any person insured any special rebate or premium, or any special favor or advantage in the dividends or other benefits to accrue on such policy, or promise the same to any person as inducement to insure, or promise to give any advantage or valuable consideration whatever, not expressed or specified in the policy of such company.

"Sec. 2. If any such life insurance company, or association, its agent or agents, as aforesaid, shall make any unjust discriminations, as enumerated in section 1 of this act, the same shall be deemed guilty of having violated the provisions of this act, and upon conviction thereof shall be dealt with as hereinafter provided.

"Sec. 3. Any such life insurance company or association which shall transact its business in this State in vio-

lation of the provisions of this act, shall, together with the agent or agents so unlawfully transacting said business, jointly and severally, be subject to a penalty of not less than $500, or more than $1000, to be sued for and recovered in the name of the People of the State of Illinois, by the State's attorney of the county in which such agent or agents may reside, or in the county in which the offense is committed. One-half of said penalty, when recovered, shall be paid into the treasury of said county, the other half to the informer of such violation."

The principal contention of appellant is, that it appears from the evidence that the rebates, if any, were made by its agent without its knowledge or consent and against its express directions, and that it is not liable for a penal offense so committed by another. The question, as one of law, does not arise on this record. The judgment of the Appellate Court is conclusive as to all questions of fact, and as the trial court was not asked to hold any propositions as law in the decision of the case, no question of law involving the construction of the statute is presented to us for decision. *Chicago, Burlington and Quincy Railroad Co.* v. *City of Ottawa,* 165 Ill. 207; *Farwell & Co.* v. *Shove,* 105 id. 61.

It is insisted that the trial court erred in requiring the agent to testify, over the appellant's objection, to the facts showing the rebate and discrimination prohibited by the statute and for which the penalty is imposed. It is said that the agent was thereby compelled to criminate himself. If the privilege invoked be applicable to such a case it is a personal one, and inasmuch as the witness did not himself claim the privilege the company cannot do so, and it is the only appellant here.

Finding no error the judgment of the Appellate Court will be affirmed.                    *Judgment affirmed.*