TANZER v. BREEN et al.·

(Supreme Court, Appellate Division, First Department.   April 8, 1909.)·

1. JUDGMENT (§ 235*)—FOR ONE CO-PARTY.
      Code Civ. Proc. § 1204, permits judgment for or against one or more
   plaintiffs and for or against one or more defendants, and by section 1205,
   where the action is against two or more defendants and a several judg-
   ment is proper, the court may render judgment against one or more of
   the defendants, and direct that the action be severed and proceed against
   the others only.   Plaintiff brought an action against three defendants for
   a tort, and upon the trial the complaint was dismissed as against defend-
   ant M., who had answered separately, and upon proceeding further against
   the other defendants a mistrial was declared for the sickness of a juror.
   *Held*, that the court properly entered judgment in favor of defendant M.
      [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 414; Dec. Dig.
   § 235.*]

2. TORTS (§ 22*)—JOINT AND SEVERAL LIABILITY.
      Actions for torts are joint and several, and plaintiff may sue all in one
   action or bring a several action against each, and all defendants may join
   in an answer or each may answer separately, and, where all are sued to-
   gether, the court may dismiss the complaint as to one or more, direct a
   verdict as to others, and submit the facts to the jury as to the remainder.
      [Ed. Note.—For other cases, see Torts, Cent. Dig. § 29; Dec. Dig. §
   22.*]

3. JUDGMENT (§ 630*)—BAR OF CAUSES—JOINT WRONGDOERS.
      Where two alleged tort-feasors are joined in one action and answer sep-
   arately, plaintiff may prosecute the case against one to judgment first and
   afterwards prosecute the case to judgment against the other, and the
   first judgment is not a bar to the second.
      [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1146; Dec. Dig.
   § 630.*]

4. COSTS (§ 48*)—DISMISSAL OF COMPLAINT AS TO ONE DEFENDANT.
      Where, in an action of tort as to several defendants, the complaint is
   dismissed on the trial as to one of the defendants, he is entitled to costs
   as of course as in a separate action.
      [Ed. Note.—For other cases, see Costs, Cent. Dig. § 208; Dec. Dig. § 48.*]

Appeal from Special Term, New York County.

Action by Arnold Tanzer against Mathew P. Breen and others.
From an order refusing to vacate a judgment dismissing the com-
plaint as to defendant Morgan, plaintiff appeals.   Affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGH-
TON, and SCOTT, JJ.

Liebmann, Naumberg & Tanzer (Laurence Arnold Tanzer, of coun-
sel), for appellant.

Williamson & Smith (Martin S. Lynch, of counsel, and John G.
Saxe, on the brief), for respondents.

CLARKE, J.   Plaintiff sued Breen, a city magistrate, and Morgan,
state superintendent of elections, and Dominick, his deputy, for a tort
in causing his arrest under a charge of false registration.   The defend-
ant Morgan interposed a separate answer.   Upon the trial the com-
plaint was dismissed as against the defendant Morgan, and, proceed-
ing further against the other defendants, it was finally declared to be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a mistrial because of the sickness and nonappearance of a juror. Thereafter the defendant Morgan procured an extract from the minutes reading as follows:

"I hereby certify that this cause was tried on the 3rd and 4th days of February, 1909, by the court and a jury, and the complaint dismissed as to the defendant George W. Morgan. Mistrial directed by the court as to the defendants Mathew P. Breen and Augustus S. Dominick. [Signed by the clerk.]"

Upon this a judgment was entered dismissing the complaint as to the defendant Morgan, with $168 costs. Subsequently a motion was made to vacate that judgment upon the ground that the judgment had been entered without warrant of law and was of no validity, for the reason that, on account of the mistrial declared, the trial of the action must proceed de novo, and that the rights of all the parties to the action remained the same as if no trial had taken place. This motion having been denied, plaintiff appeals.

The plaintiff in his complaint attempts to hold the defendants to a joint and several liability for a tort. The trial had proceeded so far that the plaintiff had rested his case, and thereupon the defendant Morgan moved for a dismissal thereof so far as he was concerned, and the court as matter of law granted the motion and dismissed the complaint, upon the ground that the plaintiff had not established a cause of action against the defendant Morgan. From that moment Morgan was out of the case, at liberty to leave the courtroom, and no further proceedings could be had therein to his prejudice.

Section 1204 of the Code of Civil Procedure provides that:

"Judgment may be given for or against one or more plaintiffs and for or against one or more defendants * * * and it may grant to a defendant any affirmative relief to which he is entitled."

Section 1205 provides that:

"Where the action is against two or more defendants, and a several judgment is proper, the court may, in its discretion, render judgment * * * against one or more of the defenfdants, and direct that the action be severed and proceed against the others as the only defendants therein."

It would seem as if these sections of the Code were precise authority for the action taken.

Actions for tort are joint and several. The plaintiff may sue all in one action or bring a several action against each. All the defendants may join in an answer or each may answer separately. The court may dismiss the complaint as to one or more, direct a verdict as to others, and submit the facts to the jury as to the others. The jury may find for the plaintiff as to one or more, for the defendant as to others, and disagree as to the remainder. When two alleged tort-feasors are joined in one action and answer separately, the plaintiff may prosecute the case against one to judgment first, and afterwards prosecute the case to judgment against the other, and the first judgment is not a bar to the second. In Lansing v. Montgomery, 2 Johns. 382, action was brought for trespass against Lansing and one Goeway, who was a constable and had levied upon a warrant to distrain for rent given to him by Lansing, the landlord. In the action for trespass, Goeway pleaded that the plaintiff had before sued him for the same trespass

and that he then pleaded his power from Lansing to distrain, and that the jury found in his favor. To this plea the plaintiff demurred. The demurrer was overruled, and Goeway entered judgment. Lansing pleaded, first, not guilty; and, second, the former judgment against Goeway. The jury found a verdict against Lansing. Held, "that the judgment in favor of Goeway was no bar to the suit against Lansing for torts are joint and several, and the defendants pleaded severally."

In Dominick v. Ecker, 3 Barb. 17, the court said:

"The parties having several in their pleadings, Powell was entitled to a discharge, even if the other party were not. In McMartin v. Taylor, 2 Barb. 356, we decided that one of several defendants sued for a tort is entitled to a verdict before the case of his codefendants is submitted to the jury, if the testimony be such that, if he were sued alone, he would be entitled to a nonsuit. We also held that this was not a matter of discretion, but of right."

In People v. Cook, 8 N. Y. 67, 59 Am. Dec. 451, the court said:

"On the failure of proof on the part of the plaintiff, it is well settled in this state, and has been for half a century, that the plaintiff may be compelled to be nonsuited against his consent. * * * The true rule is that a defendant sued in tort with others is entitled to be discharged if the evidence against him be such that if he was sued alone he would be entitled to a nonsuit. McMartin v. Taylor, 2 Barb. 356. The power to nonsuit results from the principle that the court is the judge of the law when there is no dispute about the facts."

In Broome v. Taylor, 76 N. Y. 564, the court said:

"The bond set out in the complaint is joint and several, and hence this is a case where a separate action could have been commenced against each obligor, and in an action against both judgment could be given for one and against the other. Old Code, § 274; Brumskill v. James. 11 N. Y. 294; Harrington v. Higham, 15 Barb. 525; Parker v. Jackson, 16 Barb. 33."

In Stedeker v. Bernard, 102 N. Y. 327, 6 N. E. 791, the court said:

"By the former Code (section 274) the court was authorized, in an action against several defendants, to render judgment against one or more of them, leaving the action to proceed against the others whenever a several judgment was proper. The court in construing this provision did not limit its application to cases of joint and several liability, but considered it as authorizing a separate judgment where a separate liability of some of the defendants was established on the trial, although the cause of action, as alleged in the complaint, was joint only. Section 1205 of the present Code is quite as comprehensive as section 274 of the former Code, and requires the same construction. The plaintiff, however, was not, we think, bound to await the trial of the issue before applying for judgment against the defendant Bernard."

We see no difficulty in applying this principle of entering a separate judgment in an action upon a joint and several liability, where separate answers have been interposed, in favor of a defendant, as has been applied for many years in the case of a plaintiff. The ground for the rule is that, the cause of action being several, the separate answers to the complaint may be treated as creating a separate action, and, if the plaintiff would be entitled to a judgment if he had brought a separate action, he is entitled to a separate judgment when the facts and circumstances warrant it. So in the case at bar the plaintiff brought a several action against the defendant, who separately answered. Thereby a distinct issue was raised. If it was to be considered a separate action so far as the plaintiff was concerned, it follows that it should

be considered as a separate action so far as the defendant is concerned, and, the court having decided as matter of law that the plaintiff has established no cause of action against the defendant and dismissed his complaint, it follows that the issue raised is settled in behalf of the defendant. No further case can be made against him. What is he to do? Is he to await indefinitely the course of litigation entirely controlled by others, to be relieved definitely of a claim made against him? By the order of the court in open court, and of which a record was placed upon the clerk's minutes, the cause of action against him was severed from the cause of action remaining against the other two defendants, and, being so severed, was disposed of, and, it being thus of record, the clerk was warranted in entering the judgment called for by the order of the court so evidenced. The action having been severed, the defendant was entitled to costs as in a separate action as of course.

By inadvertence the judgment stated that the dismissal was upon the merits. These words should be stricken from the judgment, but, as the motion was to vacate and not to correct the judgment, that matter may be disposed of by consent or by a separate motion.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.