WALTER KOZLOWSKI, Respondent, v. MARY K. GOMOLSKI, Appellant, Impleaded with JOHN GOMOLSKI, Defendant.

Fourth Department, December 5, 1917.

Costs — action against joint tort feasors — effect of nonsuit as to one defendant — implied severance of action — when defendant entitled to costs although plaintiff has judgment against codefendant.

Where a husband and wife were sued jointly in an action for libel and a verdict was rendered against the husband, but a nonsuit was directed in favor of the wife, there was in effect a determination that the wife was not a tort feasor but was a stranger to the transaction for which her husband was sued.

Hence, where she did not join in her husband's answer and was not united in interest with him in the subject-matter of the action, she is entitled to a judgment for costs, as the nonsuit as to her was in effect a severance of the action under sections 1204 and 1205 of the Code of Civil Procedure, which entitles her to costs.

The mere fact that the wife appeared by the same attorney as her husband does not deprive her of the right to costs.

APPEAL by the defendant, Mary K. Gomolski, from an order of the Supreme Court, made at the Oneida Trial Term and entered in the office of the clerk of the county of Oneida on the 17th day of November, 1916, vacating and annulling a judgment herein in her favor.

*Timothy Curtin*, for the appellant.

*W. S. Mackie*, for the respondent.

KRUSE, P. J.:

The appellant and her husband were sued jointly in an action for libel. A verdict was rendered against the husband, but a nonsuit was directed in favor of the appellant. A separate judgment was entered in her favor dismissing the complaint, with costs. The judgment was set aside upon the ground that she was not entitled to costs, as of course, and the court had not exercised its discretion to that effect in her favor. Section 3229 of the Code of Civil Procedure provides: " The defendant is entitled to costs, of course, upon the rendering of final judgment, in an action specified in the last section, unless the plaintiff is entitled to costs,

as therein prescribed. But where, in such an action against two or more defendants, the plaintiff is entitled to costs against one or more, but not against all of them, none of the defendants are entitled to costs, of course. In that case, costs may be awarded, in the discretion of the court, to any defendant, against whom the plaintiff is not entitled to costs, where he did not unite in an answer, and was not united in interest, with a defendant, against whom the plaintiff is entitled to costs." This section is the same as section 306 of the former Code of Procedure, as amended by chapter 479 of the Laws of 1851. Under this amendment, the Court of Appeals held in *Allis* v. *Wheeler* (56 N. Y. 50), which was an action against a maker and indorser of a promissory note where both joined in one answer and the plaintiff recovered against but one, that the successful defendant was not entitled to costs as a matter of course, but that decision I think is not an authority for this order. While joint tort feasors may be sued jointly or separately the nonsuit established that she was not a tort feasor at all. She was an entire stranger to the transaction for which her husband was sued. She did not join in his answer and was not united in interest with him in the subject-matter of the action.

Under sections 1204 and 1205 of the Code of Civil Procedure, a judgment may be given for or against one or more plaintiffs or one or more defendants and where the action is against two or more defendants and a several judgment is proper, the court may in its discretion render judgment, or require the plaintiff to take judgment against one or more of the defendants and direct that the action be severed and proceed against the others as the only defendants therein. I think here the action may be regarded as having been severed, although no formal order to that effect was made. A like conclusion was reached by the First Department in *Tanzer* v. *Breen* (131 App. Div. 655) in a similar case, and followed in *Furst* v. *Moskowitz* (169 id. 940) and *Heiden* v. *City of New York* (173 id. 891).

The mere fact that the appellant appeared by the same attorney as her husband does not deprive her of costs. (*Ingeman* v. *Snare & Triest Company*, 158 App. Div. 915.) If the appellant had joined in the answer with her husband,

a different question would be presented.   (*Schuller* v. *Robison,* 139 App. Div. 97.)

The order should be reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.