JUNE FABRICS, INC., Plaintiff, *v.* TERI SUE FASHIONS, INC.,
Defendant.

Supreme Court, Special Term, New York County, June 2, 1948.

*Sylvan H. Elias* and *Judith V. Pomarlen* for plaintiff.

*Murray M. Segal* for defendant.

HAMMER, J. Plaintiff, pursuant to order, is conducting an examination before trial of the defendant corporation by an officer. The examination is in support of plaintiff's defense to a counterclaim asserted by defendant. The defense is that defendant paid one of plaintiff's employees money, in violation of section 439 of the Penal Law, to induce certain sales of plaintiff's merchandise to defendant. The officer under examination has refused to answer certain questions under

the assertion of constitutional privilege against self incrimination, and plaintiff seeks the court's direction to the witness to compel answer.

The privilege against self incrimination is constitutional (U. S. Const., 5th Amendt.; N. Y. Const., art. I, § 6). The privilege may be claimed if the testimony or answer elicited would tend to subject the witness to fine or imprisonment, a forfeiture or confiscation of land, or a penalty (U. S. Const., 5th Amendt., *supra;* N. Y. Const., Art. I, § 6, *supra;* Civ. Prac. Act, § 355; *Henry* v. *Bank of Salina,* 1 N. Y. 83; *People ex rel. Taylor* v. *Forbes,* 143 N. Y. 219). The privilege applies in civil, as well as criminal, cases (*Chappell* v. *Chappell,* 116 App. Div. 573). Unless the court is convinced there is no substance to the claim of privilege or is a device to shield a third party, the witness is the judge of whether the answer will tend to incriminate him (*People ex rel. Taylor* v. *Forbes, supra; People ex rel. Lewisohn* v. *O'Brien,* 176 N. Y. 253, 266; *Mason* v. *United States,* 244 U. S. 362). Matter is not privileged when it will not subject the witness to any such legal penalty (*supra*), or where the witness has been tried and either convicted or acquitted or the Statute of Limitations has run (*Meyer* v. *Mayo,* 173 App. Div. 199), or by statute an immunity as broad as the privilege is granted to the witness (*People ex rel. Lewisohn* v. *O'Brien, supra; Arndstein* v. *McCarthy,* 254 U. S. 71; *People ex rel. Lewisohn* v. *Court of General Sessions,* 96 App. Div. 201, affd. 179 N. Y. 594; Penal Law, § 996). The statute (Penal Law, § 439), which provides a penalty against the acts charged by plaintiff, by reason of which the officer here under examination claims immunity from testifying on the grounds the matter sought to be elicited would tend to incriminate him by its terms, provides immunity as broad as the offense therein defined.

Plaintiff asserts that immunity given by the statute applies here, and the defendant and its officer witness deny this, claiming the immunity of section 439 applies only to a trial, inquiry or proceeding initiated to enforce the penalty of the section. There is no claim asserted in the complaint in this action against the individual who is testifying here as an officer of the corporation. Neither a corporation nor its officer as such is granted immunity by the constitutional or statutory provisions, and an individual who is a witness may not claim immunity in behalf of the corporation, nor may the corporation assert the claim in behalf of the witness. In *James* v. *Hotel Gramatan, Inc.* (251 App. Div. 748, 749) it was held that:

" The constitutional provision [art. I, § 6] protecting a person from self-incrimination is personal to the individual concerned and may not be invoked on his behalf by a corporate defendant. This privilege is not possessed by a corporation. The only one directed to be examined by this order is the corporate defendant (*Hale* v. *Henkel*, 201 U. S. 43, 69; *People* v. *Hudson Valley Construction Co.*, 165 App. Div. 626; *Meade* v. *Southern Tier Masonic Relief Association*, 119 id. 761.)"

In *People* v. *Hudson Valley Constr. Co.* (165 App. Div. 626, 631) it was held that:

" None of the officers or agents of the defendant can refuse to testify because their evidence might tend to convict it, nor can the defendant raise such objection in its own behalf.

" ' The right of a person under the Fifth Amendment [U. S. Constitution] to refuse to incriminate himself is purely a personal privilege of the witness. It was never intended to permit him to plead the fact that some third person might be incriminated by his testimony, even though he were the agent of such person. A privilege so extensive might be used to put a stop to the examination of every witness who was called upon to testify before the grand jury with regard to the doings or business of his principal, whether such principal were an individual or a corporation. The question whether a corporation is a " person " within the meaning of this Amendment really does not arise, except perhaps where a corporation is called upon to answer a bill of discovery, since it can only be heard by oral evidence in the person of some one of its agents or employés. The Amendment is limited to a person who shall be compelled in any criminal case to be a witness against *himself*, and if he cannot set up the privilege of a third person, he certainly cannot set up the privilege of a corporation.' (*Hale* v. *Henkel*, 201 U. S. 43, 69.)"

Section 439 has several categories which are constituted a misdemeanor, as follows: a person who offers or promises any gift or gratuity to an agent, servant or employee of another, with intent to influence his action in relation to his employer's business; an agent, etc., who requests or accepts such a gift or gratuity or a promise of same; an agent, etc., authorized to procure materials, etc., by purchase or contract or to employ others, who receives directly or indirectly, for himself or another, a gratuity, etc., from the other party to the transaction; an agent, etc., who uses, approves or certifies, with intent to deceive his principal, any receipt, account, invoice or document willfully false or erroneous, or which omits to state fully the

fact of commission, money, etc., having been given or agreed to be given.

In the complaint in this action it is the defendant corporation which is charged with the prescribed corrupt acts. No charge is directly made against the officer through whom the corporation is being examined. Indeed, it is not alleged or made to appear that this officer is involved unless that can be gathered from his own claim of immunity, which thought could only be entertained because the privilege is personal to a nonparty witness, and neither a party nor counsel for a party to the action can make the objection (*New York Life Ins. Co.* v. *People ex rel. Wheatley,* 195 Ill. 430; *Cloyes* v. *Thayer,* 3 Hill 564; *People v. Bodine,* 1 Denio 281; but see *People* v. *Brown,* 72 N. Y. 571). However, no inference either as an admission or as to the truth of the facts sought may be drawn from the exercise of the privilege (*Dorendinger* v. *Tschechtelin,* 12 Daly 34). It seems clear that section 439 has for its purpose the prevention of fraud upon employers and principals through the corruption by a secret gain or gratuity to the employee or agent. It appears obvious that, although the public is concerned with enforcing this statute in the public interest, any prosecution by reason of the very nature of the offense charged, would be initiated on the complaint of an aggrieved principal or employer. Indeed, it is difficult to conceive of the initiation of the prosecution under this statute except at the instance of an aggrieved employer or principal. It would seem there could be no violation of the statute if the principal or employer had knowledge and either approved or condoned the act of his employee or agent. Acts by a third party allegedly corrupting an employee or agent of another in a transaction referable to the statutory provisions amount to willful torts and, when done through an agent or employee, are effected by concert of action. Such acts, whether done singly by the agent or employee under authority of a wrongdoing principal or employer or by concert of action, combine to produce directly a single injury for which each or both are responsible. This is the result also which arises from the contractual relationship of the principal and agent or master and servant where there is concert of action or common intent and purpose. The injured party has it within his ability to hold one or several or all such wrongdoers accountable, and the mere act of not holding one or more will not exempt those against whom the injured party proceeds. This rule has been applied in civil actions where one of the wrongdoers is given protective immunity upon being a witness

to the wrongful acts (*Rice* v. *Coolidge*, 121 Mass. 393). While the injured party may proceed to judgment against one tort-feasor jointly and severally liable and afterwards prosecute an action against the other (*Tanzer* v. *Breen*, 131 App. Div. 654), if a collectible judgment is obtained against one, it has been held to be a bar to an action against other joint tort-feasors (*Roberts* v. *Rhode Island Co.*, 41 R. I. 235) and settlement of a claim against one, without reserving the right to proceed against others, bars all other actions (*McNamara* v. *Eastman Kodak Co.*, 232 N. Y. 18, revg. 190 App. Div. 928, and motion for reargument denied 232 N. Y. 552).

In view of the foregoing, the claim of immunity here appears to be without substance or a device to shield the defendant corporation and to evade the purpose of the order for its examination. The statutory immunity in subdivision 2, by the use of the words " upon any trial, inquiry or proceeding ", initiated pursuant to the provisions of the section, may, under the circumstances presented and the reasoning stated above, be construed as broad enough to grant personal immunity from use of the testimony in any possible future criminal proceedings initiated under the statute, excepting, of course, the specified provision of no exemption from prosecution or punishment for any perjury in the testimony given. The claim of immunity is disallowed, the objections to the questions are overruled and the witness is directed to answer.