to have been known to her. It is insisted on the part of the defendant that it was not obvious, and it was therefore for the jury to say whether the leaning upon the railing for the purpose of looking into the yard or under the veranda was within the scope of that reasonable care which the plaintiff's intestate owed to the defendant in the use of this balcony, as a condition of the plaintiff's recovery. In other words, the defendant was maintaining a railing around this balcony, and the question presented to the jury was whether the plaintiff's intestate, in approaching the railing and leaning upon it as she did (she being a woman of about 110 pounds weight), exercised that degree of care which the obvious circumstances demanded—whether she had a right to rely upon the safety of the structure to the extent that she obviously did in leaning out over it. The jury has found that she was exercising that reasonable degree of care, and, in the light of common experience as to what men and women do under similar circumstances, and what they might fairly be expected to do, we see no reason for holding that the jury is not justified in its verdict.

The judgment and order appealed from should be affirmed. with costs. All concur.

---

### McDONALD v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. April 15, 1904.)

1. STREET RAILROADS—PERSON ON TRACK—DOCTRINE OF DISCOVERED PERIL— APPLICABILITY.

> The doctrine of discovered peril does not apply to the case of a boy, who, in negligently attempting to cross a street car track, falls in front of an approaching car 50 feet distant, and is run over through the motorman's negligent failure to stop, though the car might have been stopped in 10 feet.

Appeal from Trial Term, New York County.

Action by Grace McDonald, as administratrix of John F. McDonald, deceased, against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from a denial of a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Charles F. Brown, for appellant.
Edmund L. Mooney, for respondent.

O'BRIEN, J. This is an action to recover for injuries which caused the death of plaintiff's intestate, alleged to have occurred through the negligence of defendant's motorman in charge of a Broadway north-bound car at Thirty-Ninth street on December 15, 1895. The facts have been presented and considered in this court upon two former occasions (46 App. Div. 143, 61 N. Y. Supp. 817; 75 App. Div. 559, 78 N. Y. Supp. 284), and passed upon by the Court of Appeals (167 N. Y. 66, 60 N. E. 282); a new trial being ordered on the first appeal on the ground that the question of con-

tributory negligence was one to be determined by the jury, and on the second appeal on the ground of error in the charge.

The question of fact involved is whether the boy, who, at the time of the accident, was 12 years of age, ran immediately in front of the car, after passing behind a south-bound car, as claimed by defendant, or whether he ran upon the track and fell while the car was some 50 feet away, and was run over owing to defendant's negligence in the operation of the car. In support of the latter theory there was testimony that the car could be stopped in 10 feet.

The court, at defendant's request, charged:

"Reasonable care required of the deceased boy a vigilant use of his senses. He was bound to use his eyes and ears in attempting to cross the defendant's tracks, so as to avoid collisions with cable cars; and if there was an omission of this care or duty on the part of the deceased boy, which contributed to the accident, such omission was contributory negligence upon his part, and the jury should find a verdict for the defendant."

To this charge the plaintiff's counsel excepted, and said:

"In that connection, I ask your honor to charge that, even if the jury believe that the boy carelessly or negligently ran or walked on the track, still such carelessness or negligence would not entitle the plaintiff to recover, unless it was the proximate cause of the injury."

The court so charged, and the defendant excepted. The jury returned a verdict in plaintiff's favor, and from the judgment thus entered the defendant appeals.

The appellant insists that this charge was erroneous, because it eliminated from the case the doctrine of contributory negligence; that the case did not present the facts necessary to bring it within the exception to the general rule, there being no new act of negligence shown on the part of the defendant that was the proximate cause of the accident. Csatlos v. Met. St. Ry. Co., 70 App. Div. 606, 75 N. Y. Supp. 583; Bortz v. Dry Dock, 78 App. Div. 386, 79 N. Y. Supp. 1046. In the latter case cited it was said:

"The modification of the charge was an application to the concrete case of a rule with respect to contributory negligence which applies only in cases in which some new circumstance is introduced or new relation established, apart from the original act or omission constituting negligence; such new circumstance being the proximate cause of the injury sustained."

The respondent contends that the evidence herein that the boy fell upon the track some 40 or 50 feet ahead of the car, and was struck by the car, although it might have been stopped within 10 feet, permits the inference that the proximate cause was the negligence so to stop, and that a new circumstance was thus presented, and hence the charge was applicable. Both sides thus agree that the request charged was a statement of the rule of law applicable to those exceptional cases wherein it appears that, after the initial danger resulting from the negligence of one or both of the parties, there was a second negligent act, which was the proximate cause of the injuries. As said by this court in the Csatlos Case, supra, a good illustration of the application of the rule of law referred to was in the Weitzman Case (Weitzman v. Nassau R. R. Co., 33 App. Div. 585, 53 N. Y. Supp. 905), where a child fell upon a fender of a car, and after this culmination of the negligent act which resulted in his

being there assuming that it was the result of a negligent act on his part he was carried along for a distance of from 32 to 150 feet; and it was held that from the moment of his falling into that position "a new relation existed between the parties, and any act or omission on the part of the defendant amounting to a lack of the care demanded by the situation, and resulting in the death of plaintiff's intestate, is sufficient to charge the company with negligence." We do not think that the evidence herein, taking every inference which the respondent contends may be drawn therefrom, presents a case calling for the application of the rule of law embodied in the request charged. The fact that the boy fell upon the track 40 or 50 feet ahead of the car did not eliminate from the case the doctrine of contributory negligence. Whether the car was a few feet or 50 feet away when the boy fell, the question of his contributory negligence was one of fact for the jury. The evidence here shows that the presence of the boy on the track, and the operation thereafter of the car until the boy was struck, did not present two situations entirely distinct, and based on two distinct acts of negligence on the part of the motorman, but constituted a single situation or condition, resulting in the accident. There was no new act of negligence after such a situation existed which was the proximate cause of the accident. The charge, therefore, which embodied a rule of law which was applicable only to a case like Weitzman v. Nassau El. R. R. Co., supra, was erroneous, and there must therefore be a new trial; and the judgment and order accordingly are reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.