amounts which he advanced for the purchase and production of the opera, as he would likely have done had the moneys been loaned. I am of opinion, therefore, that the jury were warranted in finding that the appellant Thomas was the principal owner, but that the appellant Greer was a part owner with him in the production of the opera, at least, if not in the right to produce it.

It follows, therefore, that the judgment and order should be affirmed, with costs.

PATTERSON, J., concurs.

---

### CUNNINGHAM v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. May 5, 1905.)

1. CARRIERS — STREET RAILROADS—INJURIES TO PASSENGERS—CONTRIBUTORY NEGLIGENCE—ACTIONS—INSTRUCTIONS.

   Plaintiff, while waiting for a street car in a space between two tracks, not more than five feet eight inches in width, was struck by a passenger attempting to board another car on a parallel track, and thrown under the car. The court charged that if plaintiff, in placing himself where he did, failed to exercise care for his own safety, yet if defendant's conductor was aware of plaintiff's position before he signaled the car to start, and could have avoided the accident by reasonable care, then plaintiff's original negligence would not necessarily excuse defendant's subsequent negligence or preclude a recovery. *Held*, that such instruction withdrew from the jury the question of plaintiff's contributory negligence, and was therefore error.

2. SAME.

   Where, in an action for injuries to a street car passenger, the only person in the carrier's employ charged with negligence was the conductor of a car, a requested instruction that defendant could not be held liable because the motorman of the car did not reverse the power after the accident, but relied on his brakes to stop the car, was improperly refused.

Appeal from Trial Term, New York County.

Action by Thomas J. Cunningham against the Metropolitan Street Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles F. Brown, for appellant.
Howard C. Sherwood, for respondent.

McLAUGHLIN, J. On the morning of the 6th of September, 1900, for the purpose of taking one of the defendant's Fourth avenue cars at the intersection of the Bowery and Spring street, the plaintiff, with three companions, stood between the uptown Third avenue and the uptown Second and Fourth avenue tracks (the Second and Fourth avenue cars run on the same tracks at this point), waiting until the same came along. While in this position the plaintiff was struck by a person attempting to board a Second avenue car, and thrown down, partly under the car; one of the wheels

passing over a portion of his foot and inflicting a serious injury. This action was brought to recover the damages sustained, upon the ground that the defendant was negligent in starting the Second avenue car while the person attempting to board it was in such a position as to injure the plaintiff. The plaintiff's evidence tended to show that, while standing in the position named, a Third avenue car came along, and stopped immediately behind him; that a little in the rear of that, on the other track, a Second avenue car stopped; that about that time one Boyle came from the east side of the Bowery, passed around the Third avenue car, and attempted to board the Second avenue car; that while he had hold of the stanchion with one hand, and one foot on the running board, the conductor gave the signal for the car to go ahead; that it started suddenly, and Boyle was swung around in such a way that his body came in contact with the plaintiff with such force that he was thrown down and under the car. On the part of the defendant, evidence was offered which tended to show that the Third avenue car had either passed or was passing the plaintiff, and that he had indicated that he did not desire to take the Second avenue car; that it thereupon was started, and was in motion when Boyle attempted to board it. There was thus presented a sharp conflict of evidence at the conclusion of the trial as to whether Boyle attempted to board the car after it had started, or whether the conductor gave the signal to have, and the car was in fact, started after he had commenced, but before he had finally succeeded in, getting aboard. The plaintiff had a recovery, and the defendant appeals.

I am of the opinion the judgment must be reversed for an error in the charge. The plaintiff, of course, was not entitled to recover if his own negligence contributed in any way to his injuries. The distance between the Third avenue tracks and those of the Second and Fourth avenue was five feet eight inches. Taking this into consideration, and the fact that the plaintiff had voluntarily placed himself between these tracks, in such a position that it was possible for him to be thrown down in the way in which he was, made his own negligence a question for the jury; and this the court practically took from it in the following charge, to which an exception was taken:

"Even if the plaintiff, in placing himself where he did to wait for the approach of a car, failed to exercise reasonable care for his own safety, yet, if the defendant's conductor was aware of the plaintiff's position before he signaled the car to start, and could have avoided the accident by the exercise of reasonable prudence and care, then the original negligence of the plaintiff in placing himself where he did would not necessarily excuse the subsequent negligence of the defendant, if any, and would not preclude a recovery by the plaintiff in this action."

This charge was equivalent to saying to the jury that, if they found the plaintiff was guilty of contributory negligence, nevertheless he could recover, if the conductor of the car could have prevented the accident by the exercise of reasonable care on his part. It withdrew entirely from the jury the question of contributory

negligence of the plaintiff, which the evidence did not justify. It was an incorrect statement as to the law, and the jury must have been misled by it. Rider v. Syracuse R. T. Ry. Co., 171 N. Y. 139, 63 N. E. 836, 58 L. R. A. 125. This court has many times pointed out the error in similar instructions. McDonald v. Metropolitan St. Ry. Co., 93 App. Div. 238, 87 N. Y. Supp. 699; Trauber v. Third Avenue R. Co., 80 App. Div. 37, 80 N. Y. Supp. 231; Bortz v. Dry Dock, E. B. & B. R. Co., 78 App. Div. 386, 79 N. Y. Supp. 1046; Delkowsky v. Dry Dock, E. B. & B. R. Co., 78 App. Div. 632, 79 N. Y. Supp. 1104; Sciurba v. Metropolitan St. Ry. Co., 73 App. Div. 170, 76 N. Y. Supp. 772; Csatlos v. Metropolitan St. Ry. Co., 70 App. Div. 606, 75 N. Y. Supp. 583; Goodman v. Metropolitan St. Ry. Co., 63 App. Div. 84, 71 N. Y. Supp. 177.

I also think the court erred in refusing to charge the following request made by the defendant:

"The defendant cannot be held liable in this case because the motorman of the car did not reverse the power after the accident, but relied upon his brakes after the power had been turned off to stop the car."

There was nothing in the evidence to justify a finding that the motorman was negligent, and this seems to have been appreciated by the plaintiff's counsel, inasmuch as he took no exception to the instructions given by the court in the main charge that "the only person in the employment of the defendant charged with negligence in this case is the conductor." If this were true, then the defendant clearly was entitled to have the instruction given as requested.

The judgment and order appealed from therefore must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.